# STEIN & VARGAS LLP

Overcoming Barriers | Ensuring Communication | Creating Access

June 5, 2020

**VIA ELECTRONIC MAIL**
Michael Bernstein, Ph.D.
Michael.Bernstein@stonybrook.edu
Presidents_Office@stonybrook.edu
President, Stony Brook University
310 Administration Building
Stony Brook, NY 11794-0701

Kenneth Kaushansky, M.D.
Kenneth.Kaushansky@stonybrookmedicine.edu
Dean, Renaissance School of Medicine at Stony Brook University
101 Nicolls Road
Health Sciences Center, Level 4
Stony Brook, NY 11794-8434

      RE:    **\*\*Litigation Hold Letter\*\***
                   Medical Student Robert Sampson

Dear Dr. Bernstein and Dr. Kaushansky:

      On May 29, 2020, I wrote you a letter alerting you that my firm represents Robert Sampson and that removing him from medical school on the basis of disability would be discrimination in violation of federal law. We did not receive the courtesy of a response and have now heard that your CAPP Committee has, in total disregard of its legal obligations, voted to remove Mr. Sampson from medical school on the basis of disability.

      Mr. Sampson understands he has 14 days to appeal pursuant to University's procedures. In the meantime I write again for two reasons. First, I urge you to take action to suspend the CAPP Committee's actions against Mr. Sampson. Mr. Sampson is being required to take Step 1 in advance of other students. This is discriminatory. It is likewise discriminatory for the University to remove him because he has not received the necessary accommodations from the NBME in order to comply with the University's discriminatory requirement. That the CAPP Committee is removing Mr. Sampson from medical school now on the basis of its own discriminatory actions underscores the inappropriateness of having the CAPP Committee make decisions about accommodations. At a minimum, I would urge you to have University counsel educate the CAPP Committee on the University's legal obligations pursuant the Americans with Disabilities Act and Section 504.

Second, I write to request that you immediately take any and all affirmative and immediate steps to preserve data of any kind relating to Mr. Sampson, the University's receipt of federal financial assistance, University budgets, policies and procedures and communications of any kind relating to a seven year completion requirement and how such time periods are calculated, and any modifications or waivers to the seven year completion requirement since 2010, marginality calculations and marginality determinations of all medical students made between 2010 and the present, data relating to the CAPP Committee including but not limited to attendance, voting, minutes, recordings, and communications or any kind, training on legal obligations related to disability, accommodations, and/or discrimination, and any other matter relating in any way to the aforementioned or the claims outlined in my prior communication to you.

Specifically, it is requested that all data, documents and/or other data compilations which relate to the matters outlined above or which might impact on the subject matter of litigation arising out of the University's actions against Mr. Sampson be preserved and that any ongoing process of data or document destruction involving such documents or data cease immediately.

Please be advised that you are under *an affirmative* legal duty to maintain, preserve, retain, protect, and not destroy any and all documents and/or data that may be relevant to Mr. Sampson's claims. The failure to preserve and retain the electronic data and evidence outlined in this notice may constitute spoliation of evidence which will subject you to legal claims for damages and/or evidentiary and monetary sanctions. This notice applies to any and all on- and off-site computer or other systems and removable electronic media plus all computer systems, services, cloud storage, and devices (including all remote access and wireless devices) used by the University or any of the individuals with data outlined above. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data. Further, this notice applies to archives, backup and disaster recovery files, disks, drives, voicemail, images, video, and other data.

*Immediate steps must be taken to preserve the recording of the CAPP Committee's Zoom proceedings relating to Mr. Sampson. The Zoom screen display during Monday's CAPP Committee meeting involving Mr. Sampson showed that the University was recording the proceedings. Such recordings are obviously critical evidence proving the University's violations of federal law and its deliberate indifference to those obligations with respect to Mr. Sampson. Therefore, the Zoom proceedings recordings/files made by the University must be immediately and affirmatively preserved and the failure to do so would result in our seeking an adverse finding and any and all other available sanctions and remedies. To be clear, even if the recording of the Zoom meeting was deleted after the meeting, immediate steps can and must be taken to preserve and recover that data by going into trash folders and recovering the data.*

The importance of immediate action cannot be overstated. Electronically stored information is easily corrupted, altered, and deleted in normal daily operations. Even booting a drive, running an application, or reviewing a document can permanently alter

evidence. An important method for preserving data in its original state is to have a forensic image (mirror image or clone image) made of pertinent hard drives of office, home and other computers used for business and of network servers. This image captures all current data, including the background or metadata about each document. For each captured image file, record and identify the person creating the image and the date of creation. Secure the file to prevent subsequent alteration or corruption and create a chain of custody log. Once the forensic data image file is created, the pertinent computer or other device can be placed back into operation.

Please follow the above procedures to preserve electronic information created after this notice. Current law and rules of civil procedure clearly apply to the discovery of electronically stored information just as they apply to other evidence, and confirm the duty to preserve such information for discovery. You, your officers, employees, agents, and affiliated organizations must take all reasonable steps to preserve this information until this legal matter is finally resolved. Failure to take the necessary steps to preserve the information addressed in this letter or other pertinent information in your possession or control may result in serious sanctions or penalties. Further, to properly fulfill your preservation obligation, stop all scheduled data destruction, electronic shredding, rotation of backup tapes, and the sale, gift or destruction of hardware. Notify all individuals, including but not limited to each member or participant of the CAPP Committee, of the need and duty to take the necessary affirmatives steps to immediately and affirmatively comply with the duty to preserve evidence.

Please note that we have directed a copy of this letter to Presidents_office@stonybrook.edu so that Dr. McInnis can be made aware of this obligation to preserve data when she takes the helm on July 1, 2020.

Finally, let me say clearly that we welcome the opportunity to discuss and support any efforts to preserve Mr. Sampson's future and avoid litigation. I can be reached at Mary.Vargas@steinvargas.com or at 240-793-3185 to discuss.

Sincerely,

Mary Vargas

Cc:

Andrew Wackett, MD
Andrew.wackett@stonybrookmedicine.edu
Maurie McInnis, Ph.D.
Presidents_office@stonybrook.edu