

99 Lantern Drive
Suite 202
Doylestown, PA 18901

267-685-6311
215-340-7685 (fax)
www.CharlesWeinerLaw.com

July 18, 2022

**VIA E-MAIL/rburgoyne@perkinscoie.com & cmew@perkinscoie.com**

Robert Burgoyne, Esquire
Caroline Mew, Esquire
Perkins Coie
700 13th Street, N.W.
Suite 800
Washington, D.C. 20005

      Re:    Robert D. Sampson v. NBME

Dear Bob:

This office along with the attorneys of Stein & Vargas, LLP represent Robert D. Sampson, concerning the administration of the USMLE Step 1 exam. We intend to file litigation against NBME for its discriminatory denial of Mr. Sampson's requests for accommodations, which included 100% extended time and additional break time. We are contacting you as a courtesy, and with the hope that you can impress upon NBME to reverse its denial of accommodations and provide the requested accommodations before we file suit.

Mr. Sampson is an individual with a disability pursuant to the Americans with Disabilities Act 28 U.S.C. § 12101 et seq. (ADA) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). Mr. Sampson meets the DSM-5 diagnosis criteria for Specific Learning Disorder with impairment in reading (reading comprehension and reading fluency) and impairment in written expression. Mr. Sampson also meets the criteria for Attention Deficit Hyperactivity Disorder, combined presentation. Comprehensive neuropsychological testing conducted at the Mount Sinai Medical College ("Mount Sinai") resulted in a determination that Mr. Sampson requires extended time on testing and extended breaks. The results of this most recent testing at Mount Sinai were consistent with prior neuropsychological testing in all respects except new testing found that Mr. Sampson required double time rather than the time and half that was previously recommended. Mr. Sampson's medical school considered the Mount Sinai evaluation and, pursuant to the ADA and Section 504, approved double extended time for all testing.

Mr. Robert Burgoyne, Esquire
Re: Sampson v. NBME
July 18, 2022
Page 2 of 2

Despite submitting substantial documentation supporting the need for accommodations, including reports of interventions during his developmental period, NBME rejected Mr. Sampson's request for accommodations multiple times and most recently on June 1, 2022.

Kindly advise whether the NBME wishes to resolve this matter in accordance with the foregoing request. In exchange, we shall forebear from filing suit. If NBME is unwilling to resolve this matter, we shall commence our preparation and filing of a Complaint and Motion for Preliminary Injunction. We request a response from you by August 1, 2022. We are available if you wish to discuss this matter.

Thank you for your consideration.

Very truly yours,

/s/
Charles Weiner

cc:    Mary C. Vargas, Esq. (via email)
        Michael S. Stein, Esq. (via email)