UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED
CLERK**

6/8/2023 2:43 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
------------------------------X
                              :
ROBERT SAMPSON,               :
                              :    22-CV-4490 (JMA)(AYS)
            Plaintiff,        :
                              :    May 3, 2023
                              :
        V.                    :    Central Islip, NY
                              :
STONY BROOK UNIVERSITY,       :
et al.,                       :
            Defendant.        :
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | MARY VARGAS, ESQ.<br>Stein & Vargas LLP<br>10 G Street NE, Suite 600<br>Washington, DC 20002 |
| For the Defendant: | HELENA LYNCH, ESQ.<br>NYS Attorney General<br>200 Old Country Road, Suite 240<br>Mineola, NY 11501 |
| Court Transcriber: | ARIA SERVICES, INC.<br>c/o Elizabeth Barron<br>274 Hovey Road<br>Milo, ME 04463<br>Aria@leinen.net |

Proceedings recorded by electronic sound recording, transcript produced by transcription service

```
 1              THE CLERK:  Case 22-CV-4490, Sampson v.
 2   Stony Brook University.  Counsel, state your
 3   appearances please and then the judge will call in.
 4              MS. VARGAS:  Good morning.  This is Mary
 5   Vargas and Chuck Weiner for the plaintiff, Mr. Sampson.
 6              MS. LYNCH:  This is Helena Lynch with the
 7   Attorney General's Office for defendants.
 8              THE CLERK:  The judge will call in, in a
 9   moment.
10              THE COURT:  Good morning, this is Judge
11   Azrack.  We have Ms. Vargas?
12              MS. VARGAS:  Good morning, your Honor.
13              THE COURT:  And Ms. Lynch?
14              MS. LYNCH:  Yes, good morning, your Honor.
15              THE COURT:  Okay, good morning. Obviously,
16   I'm sure you've all read the Circuit's decision in the
17   NBME case.  And as I'm sure you're aware, the Circuit's
18   decision turned largely on the status of this case.  I
19   wanted this conference because I was hoping that we
20   could reach a goal of the irreparable harm issue that
21   was identified by the Circuit in the opinion.
22              First, I want to go back to the status
23   conference when we spoke on December 9$^{th}$.  At that time,
24   Ms. Vargas represented that you had reached a
25   provisional agreement that would, among other things,
```

1  have permitted Mr. Sampson to take the step one exam on
2  May 15th and assuming he passed it, giving him until
3  August, '24, 2024 to graduate.  But the in your letter
4  yesterday, Stony Brook says it's only agreeing to
5  maintain the status quo and keep Mr. Sampson enrolled
6  pending the results of the step one exam should he
7  proceed with the exam.  So with that backdrop, I wanted
8  to discuss two issues with regard to this new position.
9           First, I don't think that this is sufficient
10 to address the Circuit's irreparable harm analysis.
11 I'm not going to repeat the decision.  You've read it,
12 I'm sure you've studied it.  I'm not going to belabor
13 this point.  But it seems to me the Circuit concluded
14 that Sampson hadn't demonstrated irreparable harm
15 because regardless of the outcome of the NBME case, he
16 couldn't continue with medical school unless he
17 prevailed in the Stony Brook case.  So I don't see any
18 reason for Stony Brook's sudden reversal.
19          Subject to your agreement to the proposal
20 I'm going to make, which I'm going to outline in a
21 minute, I plan to reissue the preliminary injunction in
22 the NBME case once NBME and Sampson have had an
23 opportunity to be heard.  I think this path will both
24 serve Stony Brook's interest in finality and also
25 address the irreparable harm issue, allowing the

1  Sampson case against NBME to proceed to a merits
2  determination.
3           So my proposal is that you agree to the same
4  provisional terms that you outlined in December, namely
5  that Mr. Sampson will remain a student in good standing
6  through August, 2024 and that he'll be permitted to
7  proceed with his clinical studies once he passes step
8  one.  If he's unable to complete his medical
9  requirements within that time, he'll be subject to
10 dismissal.  So that's my proposal, so I'm listening.
11          MS. VARGAS:  Your Honor, this is --
12          MS. LYNCH:  Pardon me, this is Helena Lynch,
13 your Honor.  May I speak?
14          THE COURT:  Yes.
15          MS. LYNCH:  With respect to the letter
16 Monday, that was just our position as of now.  We are
17 very much willing to go ahead with the settlement as it
18 was presented in December and as we understood it to
19 be.  But when I -- when I sent a draft to Mr. Sampson's
20 counsel, they returned a different agreement to me,
21 which was a consent decree, which we think is entirely
22 inappropriate, and terms that I understood to be a
23 little bit more open-ended that didn't really lock in
24 the finality of the August 12th, 2024 date.  So the
25 bottom line is, we are still very much willing --

1          THE COURT:  Okay.
2          MS. LYNCH:  -- to give Mr. Sampson until
3  August, 2024.
4          THE COURT:  Yeah.  I totally --
5          MS. VARGAS:  Your Honor --
6          THE COURT:  Wait, let me just say this.  I
7  am totally on board with that and I think the August,
8  2024 date is generous, and I don't think Mr. Sampson
9  should ask for more.
10          But, Ms. Vargas, go ahead.
11          MS. VARGAS:  Your Honor, there is nobody who
12  wants finality and completion of his medical degree
13  more than Mr. Sampson.  He is two weeks away from
14  taking step one.  He has used his dedicated study
15  period and wants to proceed with accommodations.  The
16  reason he absolutely welcomes the opportunity to have
17  until August 12, 2024 to finish.  Although he believes
18  that the seven-year policy does not apply as a joint-
19  degree student, nevertheless, he wants to finish by
20  August 12th, 2024.
21          The reason that Mr. Sampson cannot sign an
22  agreement that says that is because as of this moment,
23  he has no court-ordered ability to take the test with
24  accommodations, and we now understand that Stony Brook
25  has changed its policies about step two, the next part

1  of the test, and requires him to take step two pretty
2  soon after taking step one.  Therefore, we could not
3  advise Mr. Sampson to sign a settlement agreement that
4  says he will finish by August 12th, 2024 in the absence
5  of having access to the accommodations to actually do
6  so.
7              THE COURT:  Well, the only way he's going to
8  get the accommodations to do so is if we proceed with
9  my plan.
10             MS. VARGAS:  We are on board with your plan
11 and we understood from our conversations with Ms. Lynch
12 that she was willing to stipulate -- (ui) to your plan,
13 that she willing to stipulate that Mr. Sampson would
14 have until August 12th, 2024 to complete his medical
15 degree, and we agree with that.
16             THE COURT:  Then that's it, that's the
17 agreement, so let's put it on the record right now,
18 because then I'm going to schedule a conference
19 tomorrow morning with NBME and you, Ms. Vargas, so we
20 can move that ball.
21             MS. VARGAS:  Thank you, your Honor.
22             THE COURT:  Because May 15th is soon upon us.
23 So can you either put this on the record right now or
24 get me something in the next hour?
25             MS. LYNCH:  Your Honor, I just need to

1   clarify one thing, only because it was discussed in
2   December.  I was basically overruled on the fee issue
3   so we -- at one point, we discussed agreeing to
4   disagree and setting aside the fee issue and not
5   include it here.
6              THE COURT:  Yes.
7              MS. LYNCH:  But I was overruled so we have
8   to have a no-fee provision in the stipulation.
9              MS. VARGAS:  Our understanding was that the
10  agreement we had -- this is Mary Vargas -- we had
11  discussed in --
12             THE COURT:  I know.
13             MS. VARGAS:  -- December, 2022 was that the
14  parties would agree to Mr. Sampson completing (ui) 2024
15  and we would brief to the Court the issue of attorneys'
16  fees.
17             MS. LYNCH:  Yes, and I agree with that,
18  except I've been overruled on that and we have to --
19  especially at this juncture, we are holding fast that
20  it has to be a no-fee agreement.
21             THE COURT:  Look, I think what's important
22  here is that this young man get to take this exam on
23  May 15th, for which he's worked for years and now has
24  studied.  So figure out this fee situation because that
25  would be horrendous for that to get in the way of the

```
 1  plan I'm proposing.
 2              MS. LYNCH:  Understood, your Honor.
 3              THE COURT:  I would suggest you leave it up
 4  to me, Ms. Lynch.  You tell your client to leave it up
 5  to the judge.  Put it on the back burner and leave it
 6  up to the judge.
 7              MS. LYNCH:  Okay.
 8              THE COURT:  Time is of the essence.
 9              MS. LYNCH:  Okay.  I'll revisit that.  I was
10  overruled on that but I will revisit it with an appeal
11  to the urgency of the situation.
12              THE COURT:  I mean, we need to know like in
13  the next two hours.
14              MS. LYNCH:  Okay.
15              THE COURT:  Yeah.  I mean, look, you know,
16  it's up to me -- you know, it's left up to me as to
17  whether Sampson is prevailing under this settlement, so
18  the settlement can say no fees and it be left up to me.
19              MS. LYNCH:  Okay.  I'm going to -- I'm going
20  to take this to my superiors and to my client, and we
21  will figure it out.
22              THE COURT:  I mean, yeah, because it will be
23  -- it will be a determination I make as to whether he's
24  prevailing or not, but we need to get this done in the
25  next -- by 11:30.
```

```
 1              MS. LYNCH:  Okay.  I will do my best.
 2              THE COURT:  So let's talk at 11:30.
 3              MS. LYNCH:  Okay.
 4              THE COURT:  Actually, let's talk at 11:15.
 5   It's only 10 -- you've got an hour, and that's my view.
 6   I think the settlement should say no fees and then you
 7   litigate before me whether he's a prevailing party.
 8   That's what I think.  Ms. Vargas, Ms. Lynch, that's my
 9   take on it.
10              MS. VARGAS:  Thank you, your Honor.
11              THE COURT:  Just say no fees, it should be
12   what I set out, and we should put it on the record at
13   11:15.  So let's talk again at 11:15.  The settlement
14   should say no fees.  All right, let's do it.  At 11:15,
15   I'll talk to you.
16              MS. VARGAS:  Thank you very much, your
17   Honor.
18              MS. LYNCH:  Your Honor, should we call in at
19   the same number?
20              THE COURT:  Yes, same thing, thank you.
21              MS. LYNCH:  Okay, thank you.
22              (Second call.)
23              THE CLERK:  Recalling 22-CV-4490, Sampson v.
24   Stony Brook.  Counsel, state your appearances, please.
25              MS. VARGAS:  Good morning.  My name is Mary
```

1  Vargas for the plaintiff, Mr. Sampson, along with my
2  co-counsel, Charles Weiner.
3              MS. LYNCH:  Helena Lynch here with the
4  Attorney General's Office for defendants.
5              THE COURT:  Okay, let's revisit where we
6  were.  Are we ready to read a stipulation into the
7  record?
8              MS. VARGAS:  Good morning, your Honor.  This
9  is Mary Vargas.  We have proposed a four-part
10 stipulation.  The Attorney General's Office has agreed
11 to three of those parts and is awaiting confirmation on
12 one of those parts.
13             THE COURT:  Okay.
14             MS. VARGAS:  So I'm happy to read that and
15 explain the one point that we need that they are still
16 confirming.
17             THE COURT:  Okay.  Is that okay with you,
18 Ms. Lynch?
19             MS. LYNCH:  Yes, as long as it's clear that
20 I'm not able to stipulate to number three at this
21 juncture.
22             THE COURT:  Okay, so let me hear it.
23             MS. VARGAS:  Number one:  Stony Brook
24 University will permit Mr. Sampson until August 12th,
25 2024 to complete his medical education.

1      Number two:  Mr. Sampson cannot proceed to
2  phase three of his medical education until he takes and
3  passes step one.
4      Number three, and this is the part the
5  Attorney General's Office does not yet have agreement
6  on:  Mr. Sampson will take step two by October 15th,
7  2023.
8      And number four:  This stipulation does not
9  include fees.  The Court will decide prevailing party
10 status and the award of fees and costs if any.
11      THE COURT:  Okay, so it's number three that
12 we're waiting on, Ms. Vargas?
13      MS. VARGAS:  Yes, and the reason that's
14 critical to us is, we understand that Stony Brook
15 University now required step two to be taken earlier
16 than it used to be.  So Mr. Sampson may immanently need
17 accommodations for step two pretty soon after he takes
18 step one. We identified October 15th, 2023 as the
19 deadline for that because that is the deadline that
20 would allow him to complete his medical education
21 consistent with the rest of the stipulation.  But this
22 is something new that there's not been a lot of
23 discussion about between the parties, so that's why Ms.
24 Lynch obviously has not had much time to discuss this
25 with her clients.

1         MS. LYNCH:  I've had no time.
2         MS. VARGAS:  Correct.
3         MS. LYNCH:  I don't read the policy that
4  way.  I'm obviously trying to rush to figure it out but
5  I don't read it that way.  Also, in our view, there's
6  no need to make a factual record for a future P.I.
7  When the P.I. application happens for step two, the
8  factual record can be included in the P.I. motion.  It
9  doesn't need to be here.
10        MS. VARGAS:  Your Honor, our view is that
11 the Second Circuit has made clear what it needs on
12 immanent harm.  And assuming that Mr. Sampson has the
13 opportunity to take step one with the accommodations he
14 needs, he will then almost immediately be in the same
15 jeopardy with regard to step two, and we need to have
16 the record established clearly when he needs to take
17 that test by.
18        THE COURT:  Which is October of this year.
19        MS. VARGAS:  I'm sorry, yes.  We believe
20 it's October 15th, 2023 in order for him to have
21 sufficient time for him to complete his clinicals.
22        THE COURT:  So I guess my -- so what are you
23 waiting on, Ms. Lynch?
24        MS. LYNCH:  I'm waiting to find out if
25 that's correct because I don't see it.  I'm waiting to

1  hear from the academic advisor at the medical school
2  because I'm reading the policies and procedures, and it
3  doesn't look that way to me, but I'm not the person --
4              THE COURT:  Why do you need it, Ms. Vargas?
5              MS. VARGAS:  Mr. Sampson will need to take
6  step two, from our reading of Stony Brook's policies,
7  pretty soon after he takes step one.  The preliminary
8  injunction that was pending against the NBME only
9  involved step one.  If we're correct on what Stony
10 Brook's policies are in regard to step two, as soon as
11 Mr. Sampson takes step one, he will now be in immanent
12 need of an injunction in regard to step two.  So for
13 the same reason we need a deadline for the preliminary
14 injunction for immanent harm for step one, we will need
15 it for step two as well.
16             MS. LYNCH:  Your Honor, may I respond?
17             THE COURT:  Yes.
18             MS. LYNCH:  I believe that that's just
19 completely outside the scope of -- well, of this
20 litigation, of this P.I. motion as well as the NBME
21 P.I. motion and what the Second Circuit addressed.  So
22 if Mr. Sampson needs to make a factual record of a
23 second P.I. motion, then we can figure out what the
24 correct fact is and then -- I just think it's outside
25 the scope --

```
 1                THE COURT:  I agree.
 2                MS. LYNCH:  -- of what we're dealing with
 3   here.
 4                THE COURT:  I agree, I agree, I agree.
 5                MS. LYNCH:  Okay.
 6                THE COURT:  I think you need to quit while
 7   you're ahead, Ms. Vargas.
 8                MS. VARGAS:  Thank you, your Honor.
 9                THE COURT:  So I think it should be one,
10   two, and what was four?  Four was fees if any -- I
11   mean, I think it should be no fees because I think that
12   the case against Stony Brook is not as strong a case as
13   the case against the medical board.  I think it should
14   just be no fees.  I think this is a huge -- you know,
15   this is a huge victory just to get this, if we can --
16   if this works.
17                MS. VARGAS:  This is a medical student with
18   six figures in legal fees, your Honor.
19                THE COURT:  I know.  I know that.  I
20   recognize that.
21                MS. LYNCH:  Your Honor, we very much agree
22   with you.
23                THE COURT:  All right, I think we should go
24   -- read me four again.
25                MS. VARGAS:  This stipulation does not
```

1  include fees.  The Court will decide prevailing party
2  status and the award of fees and costs if any.
3              THE COURT:  Well, it's not as if anybody --
4  I'm not agreeing, the school isn't agreeing to
5  prevailing party.  It's just going to be in my lap.
6  All right.  I can't -- I mean, I can't -- I think one
7  and two are easy.  I think three is out.  And I think
8  four is dubious, but I don't want this to crater over
9  four.
10             MS. LYNCH:  Your Honor, the stipulation --
11 the revised stipulation that I circulated a little
12 while ago omits the prevailing party provision, so that
13 would leave that open.  So if we only included the
14 first sentence, this stipulation does not include fees,
15 the remainder isn't foreclosed by the stipulation.
16             THE COURT:  Yes, good point.
17             MS. LYNCH:  So we don't need --
18             THE COURT:  That's a good point.  That's a
19 good point.  That's actually an excellent point.
20 That's how it should read.  Okay, read it to me -- read
21 it to me one more time.
22             MS. VARGAS:  This stipulation does not
23 include fees is my understanding of what Ms. Lynch is
24 suggesting, and we won't object to that.
25             THE COURT:  Okay, so let's go with one, two,

```
 1  and four.
 2              MS. VARGAS:  Thank you, your Honor.
 3              THE COURT:  Can you -- what I would like you
 4  to do is, read one, two, and four into the record so I
 5  can basically have Ms. Lynch so stipulate.  And then
 6  I'd like you to put that stipulation on the record --
 7  file that stipulation on the record immediately after
 8  this conference.
 9              MS. VARGAS:  Yes, your Honor.  Number one --
10              THE COURT:  So if you want to read number
11  one, go ahead.
12              MS. VARGAS:  Number one:  Stony Brook
13  University will permit Mr. Sampson until August 12th,
14  2024 to complete his medical education.
15              Number two:  Mr. Sampson cannot proceed to
16  phase three of his medical education until he takes and
17  passes step one.
18              And number four:  This stipulation does not
19  include fees.
20              THE COURT:  Agreed, Ms. Lynch?
21              MS. LYNCH:  Yes, your Honor.
22              THE COURT:  Okay.  Agreed, Ms. Vargas?
23              MS. VARGAS:  Yes, your Honor.
24              THE COURT:  Okay.  Please file that
25  stipulation on the record in the next hour.
```

```
 1              MS. VARGAS:  Your Honor, should that be
 2   filed as part of a letter or a proposed order?
 3              THE COURT:  I guess it could be a proposed
 4   order.
 5              MS. VARGAS:  Okay.
 6              THE COURT:  All right?
 7              MS. VARGAS:  Thank you.
 8              THE COURT:  Okay, all right, thank you.
 9   Thank you all very much.
10              MS. LYNCH:  Thank you, your Honor.
11              MS. VARGAS:  Thank you.
12                     * * * * * * *
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18        I certify that the foregoing is a correct
19   transcript from the electronic sound recording of the
20   proceedings in the above-entitled matter.
21
22
23
24
25   ELIZABETH BARRON                        June 8, 2023
```