FILED
CLERK
2:21 pm, Aug 11, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
ROBERT SAMPSON,                : 22-cv-04490-JMA-AYS
                              :
              Plaintiff,      :
                              :
      - versus -              : U.S. Courthouse
                              : Central Islip, New York
STONY BROOK UNIVERSITY, ET AL,:
                              : June 13, 2023
              Defendants      :
------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

**A  P  P  E  A  R  A  N  C  E  S:**
(**VIA VIDEO/AUDIO**)


<u>**For the Plaintiffs**</u>:        **Mary C. Vargas, Esq.**
                              Stein & Vargas LLP
                              10 G Street NE, Suite 600
                              Washington, DC 20002

                              **Charles Weiner, Esq.**
                              Law Office of Charles Weiner
                              99 Lantern Drive, Suite 202
                              Doylestown, PA 18901


<u>**For the Defendants**</u>:        **Helena A. Lynch, Esq.**
                              NYS Office of The Attorney
                               General
                              Nassau Regional Office
                              200 Old Country Road, Ste. 240
                              Mineola, NY 11501


<u>**Transcription Service**</u>:     **Transcriptions Plus II, Inc.**
                              61 Beatrice Avenue
                              West Islip, New York 11795
                              RL.Transcriptions2@gmail.com


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE DEPUTY:  Calling cv-22-4490, *Sampson v.*
2  *Stony Brook University.*

3          Counsel, state your appearances for the record,
4  please.

5          MS. VARGAS:  Thank you.  This is Mary Vargas
6  for the plaintiff.

7          MS. LYNCH:  This is Helena Lynch with the
8  Attorney General's Office for defendant.

9          MR. WEINER:  And also this is Charles Weiner,
10  co-counseling for the plaintiff.

11          THE DEPUTY:  Okay.

12          MS. LYNCH:  Pardon me, I didn't mean to jump
13  in.

14          THE COURT:  All right.

15          MR. WEINER:  No worries.

16          THE COURT:  Judge Azrack will call in in a
17  moment.

18                    (Pause in proceedings)

19          THE COURT:  Hi.  I'm sorry you had to wait a
20  sec.  This is Judge Azrack.  We have Ms. Vargas and Mr.
21  Weiner?

22          MS. VARGAS:  Good afternoon, your Honor.

23          THE COURT:  And Ms. Lynch?

24          MR. WEINER:  Good afternoon, your Honor.

25          THE COURT:  Yes?

3

Proceedings

1        MS. LYNCH:  Yes, your Honor.  Good afternoon.

2        THE COURT:  Good afternoon.  Okay.  Talk to me.

3        MS. VARGAS:  Your Honor, this is Mary Vargas.

4    From the plaintiff's perspective, his step 1 scores are

5    imminent, likely to be received possibly as soon as

6    tomorrow.  There remain a few issues for resolution

7    between the parties and it's the plaintiff's position

8    that these issues would be best addressed via mediation.

9        Specifically, Mr. Sampson needs to take a step

10   2 which the NBME has now agreed to provide accommodations

11   for.  He understands that needs to happen in October, but

12   we don't have commitment from defense on that.  We need

13   to have a conversation about when he would enter

14   residency match and what the dean's letter, which is part

15   of the residency match, would say about this litigation

16   and thee time it took him to complete medical school as

17   well as an outstanding claim for attorneys fees.  Mr.

18   Sampson has had to pay out of pocket in order to maintain

19   his status in medical school for attorneys fees and we'd

20   like to address that issue in mediation, or absent

21   mediation, via a briefing schedule and a fee petition.

22       THE COURT:  Okay.  Ms. Lynch?  I mean let me

23   say I would be in favor of you trying to mediate these

24   issues at least in the near term, but let me hear from

25   Ms. Lynch.

4

Proceedings

1          MS. LYNCH:  Yes.  Your Honor, our position is
2     that this litigation is resolved.  We had a stipulation
3     in place and I re-circulated it a week or so ago.
4          THE COURT:  Yes.
5          MS. LYNCH:  It has all the terms that we've
6     agreed on and, you know, in the boilerplate settlement
7     language.  And counsel for the plaintiff introduced this
8     idea of mediation on outstanding issues.  We just don't
9     see any outstanding issues so we thought that we had no
10    option but to submit a pre-motion letter so that we can
11    move on mootness for the PI motion and, you know, on the
12    merits for the damages, sorry, declaratory judgment part.
13         So I think that everything that plaintiffs are
14    talking about is outside the scope of this litigation
15    that's before the Court.
16         THE COURT:  Just give me one second.  Do you
17    say you put in a pre-motion letter?
18         MS. LYNCH:  No.  In discussions with counsel,
19    we told them that -- I'm sorry, I told them that was our
20    plan.  And then they suggested coming before your Honor
21    and I agreed to that.  So we didn't put in a letter.
22         THE COURT:  All right.  Okay.  I was concerned
23    that I missed something.  I mean I'm looking at the
24    stipulation, it said three provisions.  So yes, this was
25    the stipulation, Ms. Vargas.  This was it.

5

Proceedings

1    MS. VARGAS:  Your Honor --

2    THE COURT:  And I said my view was you could

3  brief the issue of fees and costs.  Even though the

4  stipulation said it does not include fees, did not

5  preclude you from briefing that issue.  But otherwise, I

6  thought it resolved it.

7    MS. VARGAS:  Your Honor, we would welcome the

8  opportunity to brief the fee issue.  In order for Mr.

9  Sampson to return to school in good status, we understood

10  from the Attorney General's office, from the draft it

11  circulated, that it was looking to have him comply with

12  policies.  And while Mr. Sampson certainly does not

13  disagree with that requirement, he doesn't actually fit

14  into the policies because of the time that's passed while

15  we've been involved in this litigation.  So he wants to

16  make sure that he can do everything that the medical

17  school expects of him.

18    And in order to understand what that is, you

19  know, we've attempted to raise some of those issues with

20  the Attorney General's office, but I think we actually

21  need to have the parties in the room with counsel in

22  order to discuss how does he return to medical school,

23  when does he enter the residency match, when does he take

24  step 2, what does the dean's letter say about this

25  litigation?

6

Proceedings

1      And it may be that the parties have agreement

2  on that.  I would certainly hope that we do.  But we

3  don't currently, we have not currently been able to get

4  agreement on those issues.

5      THE COURT:  I mean listen, this is all just

6  dumped on me right this minute.  I'm looking at the

7  stipulation.  It's got three simple provisions.  I didn't

8  know this Pandora's box was going to be opened up.  But

9  suppose that he just goes -- he's got the extra time,

10  he's got till August 24 to complete and he goes along

11  with whatever the normal provisions are of attending the

12  medical school.  I mean why does this have to now be part

13  of an agreement?

14      MS. VARGAS:  Well, the problem is we don't

15  know -- the normal provisions don't apply to him.  He

16  doesn't fit into those normal provisions because he's out

17  of sequence.

18      THE COURT:  Okay.  I understand he's out of

19  sequence but let me -- well, maybe I should just ask

20  defense counsel.  He's out of sequence but that doesn't

21  mean --

22      MS. LYNCH:  Right.

23      THE COURT:  It would seem to me he's out of

24  sequence so what's the answer to this one if he's out of

25  sequence?  What's the answer to that one?  I mean even

7

Proceedings

1  though he's out of sequence, he still finishes by August

2  24.  I mean have you had discussions with Ms. Lynch or

3  somebody from the medical school about this before

4  suggesting that you go -- you should be able to talk to

5  each other and resolve it.  I don't know that it needs a

6  mediation at this point.

7          MS. VARGAS:  Your Honor, I have raised these

8  issues with the Attorney General's office, and they have

9  responded that he needs to comply with policy and they've

10  not, as I understood their position, been willing to have

11  the more in depth discussions that we need to understand

12  what Mr. Sampson actually needs to do and when he needs

13  to do it.

14          THE COURT:  Okay.  But that means -- go ahead.

15  Okay.  So I understand that Mr. Sampson needs to know and

16  he doesn't fit into a sequence that's like set in stone

17  or written in the school guidelines, but you have to

18  mediate it?  You can't just say -- give me an example of

19  one of the provisions that's open to question.

20          MS. VARGAS:  Sure.  Mr. Sampson understands

21  that he need to take step 2 by October of 2023 to

22  graduate in compliance with the August --

23          THE COURT:  Right.  We all knew that.

24          MS. VARGAS:  But we don't have agreement from

25  the Attorney General's office from Stony Brook that his

8

Proceedings

1  understanding is correct.

2          MS. LYNCH:  Your Honor, may I speak?  This is

3  Helena Lynch.

4          THE COURT:  Yes, please.

5          MS. LYNCH:  Okay, thank you.  Well, the only

6  discussion that I have had on these specific issues was

7  on our May 3, 2023 conference where plaintiffs raised for

8  the first time the issue of step 2.  I have not had any

9  other discussions on specific requirements with counsel's

10  office so I'm not sure what they're referring to.  And

11  the policies and procedures do take into account out of

12  sequence students.

13          THE COURT:  Okay.

14          MS. LYNCH:  Again, at the risk of being a

15  broken record, this is all outside the scope of this

16  litigation, or most of it is outside the scope of this

17  litigation.

18          THE COURT:  All right.  Here's my suggestion.

19  I understand your position that it's outside the scope of

20  the litigation and I may agree with you or not.  But I

21  think that the most practical way forward is for both of

22  you and somebody from the university to talk to each

23  other, just kind of get the lay of the land about these

24  provisions to see if there really are disputed issues.

25  And then I'm happy to talk to you.  But I don't want it

9

Proceedings

1  like put in my lap like this.

2         So I suggest that you talk to each other.  I

3  mean, you know, here we are also on the verge of him

4  getting his scores from step 1.  That's going to have a

5  lot to do with what happens going forward.

6         MS. VARGAS:  Thank you, your Honor.

7         THE COURT:  So here's my suggestion.  I think

8  you should take the next two weeks for Ms. Vargas to lay

9  out what the exact issues are or questions are about how

10  he moves forward through the rest of his medical

11  education.  That obviously be affected if he doesn't pass

12  step 1 but you can at least start talking about them.

13         And in terms of the attorneys fees issue, at

14  some point I'll give you a briefing schedule on it.  But

15  right now the stipulation was pretty simple.  But it

16  doesn't mean that I don't think Ms. Vargas has some fair

17  questions about him moving through the medical school.  I

18  think it's fair to get answers.  You know, according to

19  Ms. Lynch, they make -- I guess they anticipate that and

20  that there aren't really hard questions about how he goes

21  through and that they have people who are out of

22  sequence.  But I'm really not appreciative of having it

23  put in my lap when I'm the last person who knows the

24  intricacies of these issues.

25         So I'm going to advise that you speak to each

10

Proceedings

1 other and we talk a week from today.  Let's see, we can

2 talk a week from today at 2 o'clock.

3          MS. VARGAS:  Your Honor, Mr. Weiner and I are

4 both in deposition at that time in the West Coast

5 deposition.

6          THE COURT:  Oh my goodness.  Okay.  Well, I

7 guess we could talk Wednesday.  What's your deposition

8 schedule that you're --

9          MS. VARGAS:  We're in deposition next week

10 every day except for Wednesday.  Wednesday would work for

11 me.

12          THE COURT:  Ms. Lynch?

13          MS. LYNCH:  Yes, Wednesday would work.

14 Afternoon would be preferable, would work much better.

15          THE COURT:  Okay.  Why don't we do -- early or

16 late afternoon?  Do you have a preference?

17          MS. LYNCH:  I don't, your Honor.

18          MS. VARGAS:  Plaintiff has no preference.

19          THE COURT:  All right.

20          MR. WEINER:  Your Honor, this is Charles

21 Weiner.  My only preference is early afternoon as I'm

22 speaking at a virtual symposium starting at 3:30.

23          THE COURT:  Okay.  How's 1 o'clock?

24          MR. WEINER:  That's very good.

25          MS. VARGAS:  That works for me, your Honor.

Proceedings

1          MS. LYNCH:  (Inaudible).

2          THE COURT:  Okay.  1 o'clock next Wednesday.

3    Good luck.  Please talk to each other.  Thank you.

4          MS. VARGAS:  Thank you.

5          MS. LYNCH:  Thank you, your Honor.

6                    (Matter concluded)

7                         -oOo-

12

# C E R T I F I C A T E

I, MARY GRECO, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **9th** day of **August**, 2023.

*Mary Greco*

Transcriptions Plus II, Inc.