# EXHIBIT 3

# STEIN & VARGAS LLP

Overcoming Barriers | Ensuring Communication | Creating Access

March 21, 2022

<u>VIA EMAIL ONLY</u>
Suzanne Shane
Associate Managing Counsel
Stony Brook Regional Office
Stony Brook University
Administration Building, Room 328
Stony Brook, NY 11794

Dear Ms. Shane,

 As you know, our office represents Robert Sampson. I write to formally request that Stony Brook University permit Mr. Sampson time to allow him to pursue accommodations from the National Board of Medical Examiners ("NBME") for the United States Medical Licensing Examination ("USMLE").

 Mr. Sampson is an individual with a disability pursuant to the Americans with Disabilities Act 28 U.S.C. § 12101 *et seq*. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Mr. Sampson meets the DSM-5 diagnosis criteria for Specific Learning Disorder with impairment in reading (reading comprehension and reading fluency) and impairment in written expression. Mr. Sampson also meets the criteria for Attention Deficit Hyperactivity Disorder, combined presentation. Comprehensive neuropsychological testing conducted at the Mount Sinai Medical College ("Mount Sinai") resulted in a determination that Mr. Sampson requires extended time on testing and extended breaks. The results of this most recent testing at Mount Sinai were consistent with prior neuropsychological testing in all respects except new testing found that Mr. Sampson required double time rather than the time and half that was previously recommended.

 On the basis of Mr. Sampson's diagnoses, Stony Brook agreed that Mr. Sampson was an individual with a disability and that he needed accommodation, namely extended time on testing. However, as is often the case even for students with long-standing and credible documentation of disability, the NBME has repeatedly denied his requests for accommodations.

Our office has had numerous dealings with the NBME to include litigation against the NBME for failing to make accommodations for students with disabilities. For example, we represented a medical student who was repeatedly denied necessary accommodations because of a learning disorder and ADHD. We were able to successfully obtain the accommodations our client needed but it took time to enforce our client's federal protected rights. *See Ramsay v. National Board of Medical Examiners*, 968 F.3d 251 (3rd Cir. 2020), *cert. denied*, 2021 U.S. Lexis 1283 (Mar. 8, 2021).  In order to obtain the accommodations, she needed, this student pursued necessary accommodations in federal court. She won a preliminary injunction and then prevailed on appeal to the United States Court of Appeals for the Third Circuit. Dr. Ramsay is currently practicing medicine despite having taken more than seven years to complete her medical education.

We are therefore formally requesting that Mr. Sampson be provided additional time to pursue necessary accommodations from the NBME.

Providing Mr. Sampson with the time necessary to demonstrate what he knows rather than the barriers imposed by his disability on the USMLE is a <u>necessary</u> accommodation, not a fundamental alteration. First, while the School of Medicine maintains a policy that medical students should graduate in seven (7) years, this policy on its face does <u>not</u> apply to students who are pursuing joint degrees. Mr. Sampson is a joint degree student because he is jointly pursuing a Medical Degree and a Master's in Business Administration.

Second, Stony Brook's own recent evaluation of Mr. Sampson's skills and knowledge base confirm that Mr. Sampson not only has the knowledge base needed to be a successful doctor, but also that many preceptors noted that his knowledge fund and performance exceeded that of the typical third year medical student. The following comments by preceptors who observed Mr. Sampson's clinical performance in his third-year rotations confirm that he is well-prepared and more than fully clinically on track to becoming an excellent physician. These comments underscore that despite the delay in his medical education, Mr. Sampson's medical knowledge and skills had not diminished or become stale such that it would not be a fundamental alteration to allow Mr. Sampson extra time:

- In his Introduction to Clinical Medicine rotation, faculty evaluated Mr. Sampson's performance as "excellent" commenting that he "will transition well into his clerkship year." His preceptor further stated that Mr. Sampson has "an excellent ability to gather relevant patient information and develop a differential diagnosis" concluding that Mr. Sampson's "medical knowledge and ability to assimilate this knowledge was impressive for his level of training."
- In his Medicine course, Mr. Sampson's attending reported that he "had a solid fund of knowledge and generated good differential diagnosis—often thinking outside the box. Faculty and house staff consistently noted that Robert asked intelligent questions. He demonstrated great enthusiasm for learning and improving clinical knowledge and patient care skills; to this end, he read the medical literature and shared new knowledge with team members."

3

- His resident in his Medicine rotation commented, "Wow he has good differentials and is thinking outside the box."
- His intern wrote of him, "Robert did a great job during this rotation. He was very active in the care of his patients, checking in on them often and gathering thorough histories. He demonstrated significant dedication to his patients and was always asking great questions. He was always willing to help out the team and offer his assistance. Mr. Sampson's medical knowledge was reported to be "very good".
- The Narrative Description of Mr. Sampson's performance on the practical (H&P) exam described his work as "very 'impressive'" and added that Mr. Sampson's "management plan was above expected for the level of training."
- His glowing surgery evaluation reported that Mr. Sampson was "thoughtful and actively sought out ways to contribute to the team" and "looked for ways to help." His preceptors reported that when cases ran late, "[Mr. Sampson] insisted on staying and finishing with the team." Surgery further commented that Mr. Sampson, "exhibits an advanced understanding of surgery for his level and consistently portrays a natural sense of curiosity, which is apparent in his thoughtful questions."
- Anesthesiology reported that Mr. Sampson is "an excellent student and did a great job on his anesthesia rotation." Anesthesiology noted that Mr. Sampson "will do well in whatever field [of medicine] he chooses to pursue."
- In Emergency Medicine, his preceptor evaluated Mr. Sampson as "a pleasure to work with; he will be an outstanding resident in whatever field he chooses."
- In Psychiatry, his preceptors evaluated Mr. Sampson as "very dedicated in the field of medicine. He was a highly motivated and compassionate student" with "good clinical performance".
- Obstetrics/gynecology reported that Mr. Sampson was "punctual, conscientious, attentive, professional." His preceptors further reported that his "[p]atient care skills were strong…"
- Supervising faculty and residents in Pediatrics described Mr. Sampson as "an asset to our inpatient team". Pediatrics described Mr. Sampson as "extremely dedicated to his patients and went above and beyond in securing a much needed intervention for one patient in particular." Pediatrics further reported that Mr. Sampson went "above and beyond expectations".

Given the exceptional feedback that Mr. Sampson has received, it would be a travesty to deny Mr. Sampson the extra time needed for the NBME to comply with its ADA obligations to ensure that he has the opportunity equal to that of anyone else to demonstrate his knowledge of medicine.

Third, case law indicates that a federal court is likely to agree that providing Mr. Sampson with extra time to pursue the accommodations he needs is consistent with and required by the Americans with Disabilities Act and Section 504. *E.g., Dean v. Univ. at Buffalo Sch. of*

*Med. and Biomedical Scis.*, 804 F.3d 178 (2d Cir. 2015) (medical school discriminated against student by failing to provide the necessary time to retake Step 1); *Doe v. Samuel Merritt Univ.*, 921 F. Supp. 2d 958 (N.D. Cal. 2013) (granting preliminary injunction requiring podiatry school to grant additional time to retake board exam). In the context of the glowing reports documenting that Mr. Sampson's medical knowledge not only is excellent, but also exceeds his years in training, it can hardly be asserted that ending his medical career because of a seven-year policy that on its face does not even apply to him is consistent with federal law.

Mr. Sampson therefore respectfully requests the additional time that is necessary for the NBME to provide him with the accommodations needed for him to demonstrate his knowledge. This request is particularly reasonable given that Stony Brook's seven-year graduation policy for medical students does not apply to joint degree students such as Mr. Sampson and given that he was judged by Stony Brook's own preceptors to have the skills and knowledge necessary to succeed in his 4th year and in residency. I am happy to discuss this by telephone or zoom. We would appreciate a response by March 31, 2022.

Sincerely,

M. Vargas

Mary Vargas, Esq.
10 G Street NE, Suite 600
Washington, DC 20002
Tel. 240.793.3185
Fax 888.778.4620
mary.vargas@steinvargas.com