# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

ROBERT SAMPSON,                         :
                                      :
             Plaintiff,            :
                                        :     CIVIL ACTION NO. 22-cv-04490-JMA
             v.                    :
                                        :
STONY BROOK UNIVERSITY, *et al.*,      :
                                        :
           Defendants.         :
                                        :

## DECLARATION OF MARY CAROLINE VARGAS

     I, Mary Caroline Vargas, make the following declaration upon personal knowledge:

1.        I am one of the attorneys representing Robert Sampson.

2.        My *curriculum vitae* is attached as Exhibit A to this Declaration.

3.        I am a co-founding partner of Stein & Vargas, LLP which is based in Washington, D.C.

4.        I am admitted to practice law in Pennsylvania, Connecticut, and Maryland. I am also admitted to practice before the United States Supreme Court, and the United States Courts of Appeals for the Second, Third, Fourth, Eighth, and Eleventh Circuits.  I am a member of the United States District Courts for the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Western District of Pennsylvania, the Eastern District of New York, the Southern District of New York, the District of Connecticut, the District of Maryland, and the District of the District of Columbia.

5.        Due to the national scope of Stein & Vargas, LLP's practice and its unique expertise in cases involving disability law issues, particularly representing medical students and medical professionals in civil rights cases, I have also been admitted *pro hac vice* in numerous courts throughout the country.

1

6.      I graduated *summa cum laude* from the Honors Program at the College of New Jersey in 1995 with a Bachelor of Science in Deaf Education and was certified as a teacher of the deaf. While at the College of New Jersey, I was named as a 1994 Truman Scholar to pursue advocacy on behalf of individuals with disabilities.

7.      I attended the University of Connecticut School of Law during which time I litigated under the supervision of Stephen Wizner and Carroll Lucht at the Advocacy for Persons with Disabilities Clinic at Yale Law School because, at the time, my own law school did not have a disability law clinic.  I ultimately served as a Student Director of the Yale Law School clinic. I graduated with Honors from the University of Connecticut School of Law in 1998.

8.      In 1998, I received a Skadden Fellowship to engage in nationwide impact litigation on behalf of individuals with disabilities denied equal access to healthcare. One of the major barriers I identified through this work for people with disabilities was the lack of medical professionals with disabilities. A lack of healthcare professionals with disabilities is a factor in people with disabilities not having access to care.

9.      In 2009, I co-founded Stein & Vargas, LLP with another Skadden Fellow, Michael Stein, with the goal of continuing to do impact litigation on behalf of individuals with disabilities.

10.     During my 25 years of practice, I have argued important cases on behalf of individuals with disabilities in multiple United States Courts of Appeals and United States District Courts.

11.     I have litigated landmark cases of national importance throughout the United States including *Ramsay v. Nat'l Bd. of Med. Exam'rs*, 968 F.3d 261 (3rd Cir. 2020)

(affirming the grant of preliminary injunction to a medical student with learning disabilities who was denied testing accommodations), *cert. denied,* 141 S. Ct. 1517 (2021); *Nat'l Ass'n of Deaf v. Florida*, 980 F.3d 763 (11th Cir. 2020) (argued) (Title II of the ADA validly abrogated sovereign immunity in the context of a state legislature's failure to caption proceedings for deaf citizens); *J.D. v. Colonial Williamsburg Found.,* 925 F.3d 663 (4th Cir. 2019) (argued) (holding that a restaurant could be required to permit a child with a disability to bring in safe outside food as a reasonable modification); *Argenyi v. Creighton Univ.*, 703 F.3d 441 (8th Cir. 2013) (argued) (holding that there were genuine issues of material dispute whether a deaf medical student was denied meaningful access to medical school); *Chisolm v. McManimon*, 275 F.3d 315 (3rd Cir. 2001) (argued) (holding that a deaf man in detention had a right to effective communication); *Prakel v. State of Indiana*, 100 F. Supp. 3d 661 (S.D. Ind. 2015) (argued) (holding that state courts can be sued in federal court for discrimination and may be required to provide interpreters for deaf spectators); *Featherstone v. Pacific Northwest Univ.*, No. 1:CV-14-3084-SMJ, 2014 U.S. Dist. LEXIS 102713 (E.D. Wash. July 22, 2014) (granting preliminary injunction to a medical student denied auxiliary aids in medical school on the basis of disability).

12.     I have spoken nationally on the rights of individuals with disabilities and have been an invited guest on the rights of individuals with disabilities on national networks and programs including Court TV, National Public Radio, Fox News, The Huckabee Show, and Anderson Cooper 360.  In addition, I have been featured on multiple podcast episodes involving the rights of individuals with disabilities.

13.     In 2011, I was appointed by the United States Secretary of Health and Human Services to the Interagency Pain Research Coordinating Committee for the National

Institutes of Health.

14.     In 2016, I was part of the team that received the Eagle Award for groundbreaking disability rights litigation for work in *Argenyi v. Creighton University*. I also received the 2017 FARE Vision Award for Advocacy on behalf of individuals with food allergies from Food Allergy Research and Education and the 2010 Advocate of the Year Award for advocacy on behalf of people living with chronic pain from the American Academy of Pain Management.

15.     In 2019, I was appointed by Children's National Medical Center to provide legal expertise for the development of national guidelines for the management of Celiac Disease in schools.

16.     I served as a co-author of *Gallaudet University Press*, <u>Legal Rights: The Guide for Deaf and Hard of Hearing People, Fifth Edition</u> (2000).

17.     Rates in Washington, D.C. where both Stein & Vargas, LLP and the lead attorneys for the NBME in this matter are located are governed by the Laffey Matrix and the Fitzpatrick Matrix. Pursuant to the Laffey Matrix, the prevailing rate for an attorney with 25 years' experience is $997 per hour. Pursuant to the Fitzpatrick Matrix utilized by the United States Attorneys' Office in Washington, D.C., the hourly rate for an attorney with 25 years' experience in 2023 is $771 per hour.

18.     We take important cases asserting federally protected rights on contingent fee and pay costs for clients who otherwise would not be able to assert their federally protected rights. Awards of attorneys' fees and costs are necessary for us to represent individuals with a disability – regardless of ability to pay our hourly rates – who have suffered discrimination.

19. In my experience representing medical students with disabilities, I have seen that medical students are uniquely financially disadvantaged in litigation against universities because of the disparity between the financial resources of the students and the universities. Medical students who have been denied accommodations are simply unable to pay the fees and costs necessary to challenge the denial of necessary accommodations.

20. Representing medical students is particularly challenging not only because of the quality of counsel universities retain to defend themselves and their financial resources but also because of the time-sensitive nature of such litigation on behalf of medical students at imminent risk of losing their medical careers, particularly when the case concerns the lack of testing accommodations. Prevailing in this type of litigation requires an unusual and specific combination of expertise not only in medical education, licensing, and medical testing, but also in neuropsychological testing, disability and accommodations. My experience in disability and education is critical in understanding the comprehensive neuropsychological testing that underpins litigation on behalf of students with disabilities and my experience in special education renders me uniquely qualified to litigate at the crossroads of disability, testing, and education.

21. At Stein & Vargas, LLP, the current rate for individuals who have the financial means to pay is $450 per hour, but even at these discounted rates, individuals are unable to pay the attorneys' fees and costs incurred in litigation necessary to access their federally protected rights. Therefore, we rely on the fee-shifting provisions of federal civil rights provisions to be paid for the work performed in such matters.

22. Robert Sampson has incurred fees and costs in this matter because of

Stony Brook University's refusal to allow him to remain enrolled and complete his medical degree with the necessary accommodations in place.

23.     I served as the lead client contact providing client counseling to Mr. Sampson. I communicated with Stony Brook's administration and Stony Brook's general counsel prior to and after the suit being filed, drafted correspondence, and otherwise advocated on behalf of Mr. Sampson in seeking the relief that was ultimately achieved through litigation.

24.     Before suit was filed, I repeatedly requested that Stony Brook permit Mr. Sampson to remain enrolled so that he could assert his federally protected rights against NBME. I made these requests both in writing and via calls with the administration of Stony Brook and to its general counsel.  True and correct copies of written requests made prior to litigation are contained in Exhibits 2-3.

25.     On August 3, 2022, after filing suit, I again requested that Stony Brook allow Mr. Sampson time to assert his rights against NBME and complete his medical education. The Office of the Attorney General denied my requests and restated Stony Brook's intention to dismiss Mr. Sampson.

26.     My role in this litigation included drafting the complaint, gathering evidentiary documents, drafting the facts section of the preliminary injunction brief, assisting with revising all briefing/filings including the preliminary injunction briefing and the fee petition. I drafted declarations and served as lead counsel in some of the status conferences, including the first status conference held on August 4, 2022. I also worked with my co-counsel, Charles Weiner, to negotiate with Stony Brook's counsel.

27.     My reasonable rate in this District is $450 per hour. This rate is significantly less than

6

the rate set by both the Laffey Matrix and the Fitzpatrick Matrix for attorneys with comparable years of experience.

28.    Please see Exhibit B to this Declaration for my true and correct time records after exercising billing judgment. My fees for which I am seeking payment in this matter to date are $38,700.00.

29.    Stony Brook's attorneys have special expertise in defense of institutions of higher education.  Their defense was zealous.  There were multiple times during the representation of Robert Sampson when Stein & Vargas, LLP turned down work from paying clients because we did not have the bandwidth both to fulfill our ethical obligations to Mr. Sampson and take on other work.

30.    The costs necessarily incurred in this matter total $598.94. Please see Exhibit C to this Declaration for true and corrects records of the payment of costs including the filing fee of $402.00 and the cost of transcripts for use in the fee petition totaling $196.94 paid to Transcriptions Plus II Inc.

31.    Exhibit 1 to the Fee Petition contains a true and correct copy of the Letter from Stony Brook's General Counsel dated April 1, 2022.

32.    Exhibits 2 and 3 to the Fee Petition contain true and correct copies of communications from me to Defendants.

33.    Exhibit 5-8 to the Fee Petition contain true and correct transcripts of Court proceedings in this matter.

34.    I declare under the penalties of perjury that the foregoing is true and correct.

Dated: August 23, 2023

Mary C. Vargas
Stein & Vargas, LLP
10 G Street NE, Suite 600
Washington, DC 20002
Tel: (240) 793-3185
Fax: (888) 778-4620
Mary.Vargas@steinvargas.com

# EXHIBIT A

## Mary Caroline Vargas, Partner
**Stein & Vargas, LLP**
10 G Street NE, Suite 600
Washington, DC 20002
Mary.Vargas@SteinVargas.com
(240)793-3185

**Nationally recognized expertise in the rights of individuals with disabilities and constitutional law through high stakes litigation and advocacy.**

<u>**Professional Experience**</u>
**Stein & Vargas, LLP**
**Partner**
Represent clients in complex, federal court litigation with special focus on representation of individuals with disabilities who have experienced discrimination. Successfully litigate against private and public entities and advocate before federal agencies to assert the rights of individuals with disabilities to full and equal access. Appear *pro hac vice* in federal district courts and U.S. Courts of Appeals in cases requiring unique expertise in the intersection of constitutional law, deafness, food allergy, educational testing, and disability rights. Undefeated record in appellate oral arguments. Litigated and argued cases in United States District Courts and U.S. Courts of Appeal involving the constitutionality of state and local action. Expert consultant on federal and state healthcare and educational policies.  (present)

**American Bar Association**
**Commission on Mental and Physical Disability Law**
Analyzed legal developments in disability law for the ABA's Mental and Physical Disability Law Reporter published four times per year. (2004)

**National Association of the Deaf Law Center**
**Staff Attorney**
**Skadden Fellow**
Engaged in nationwide, impact litigation in federal and state courts.  Analyzed federal and state policies relating to civil rights and education of individuals with disabilities.  Specialized in matters relating to the Americans with Disabilities Act, the Individuals with Disabilities Education Act, and the Rehabilitation Act of 1973.  Focused on employer compliance, access to education, access to healthcare, access to courts, and access to public services.  Argued and/or briefed cases before the United States Supreme Court, the U.S. Courts of Appeals, federal district courts, and state courts.   Co-authored <u>Legal Rights:  The Guide for Deaf and Hard of Hearing People</u>, Gallaudet Press, 5th Ed. (2000).

**U.S. Department of Education, Office of Special Education and Rehabilitation Services**
**Education Policy Analyst/Truman Institute**
Analyzed educational policies, particularly reauthorization and roll-out of the Individuals with Disabilities Education Act and policies relating to multi-lingual education.

**Representative Advocacy on Behalf of Individuals with Disabilities**

**Full and Equal Access to Careers**

*Argenyi v. Creighton University*, 703 F.3d 441 (8th Cir. 2013)(argued)
Represented deaf medical student denied full and equal access to education. Successfully argued appeal before the United States Court of Appeals for the Eighth Circuit. Represented Plaintiff as lead counsel in jury trial resulting in Plaintiff's verdict. Awarded injunctive relief and attorneys' fees and costs.

*Bellemore v. Jersey College (2022)*

Prevailed in a significant arbitration hearing representing a deaf nursing student denied interpreters resulting in a finding of deliberate indifference against Jersey College.

*Featherstone v. Pacific Northwest University of Health Sciences, No. 1:14-cv-03084*
Represented deaf medical student in suit alleging medical school discriminated in rescinding admission. Obtained preliminary injunctive relief from federal district court allowing student to enter medical school under court order.

*Hajduk v. Leesburg Veterinary Hospital*, EEOC 570-2013-00269
EEOC complaint against veterinary hospital for failure to hire deaf veterinary tech resulting in confidential settlement.

*Howard v. Alabama Board of Pharmacy*, No. 2:2009-CV-01245 (N.D. Ala. June 22, 2009)
Established right of deaf pharmacists to unlimited licenses to practice pharmacy in State of Alabama.

*Howard v. Walgreens*, 10-cv-1158 (N.D. Ala. May 30, 2010)
Litigation against pharmacy for employment discrimination and failure to hire deaf pharmacist resulting in settlement.

*Madsen v. City of Portland*, CV 11:915 (D. Or. 2011)
Successfully asserted novel legal claims on behalf of carpenter with chronic pain who was denied employment because of disability resulting in $150,001 offer of judgment in addition to payment of attorneys' fees and costs.

*Morton v. UPS, Inc.*, 272 F.3d 1249 (9th Cir. 2001), cert denied, 122 S.Ct. 1910 (May 13, 2002)
Won right of deaf UPS worker to operate vehicles weighing less than 10,001 pounds.

*Mosier v. The Commonwealth of Kentucky*, Civil Action No. 08-184-KSF (D.Ky. 2009)
Established right of deaf attorneys to access to court proceedings in suit against state supreme court.

*Ramsay v. Nat'l Bd. of Medical Exam'rs*, 968 F.3d 251, 258 (3rd Cir. 2020)(argued)
Won preliminary injunction following hearing on behalf of a medical student with disabilities denied accommodations on the United States Medical Licensing Examination. Successfully argued case resulting in preliminary injunction being affirmed on appeal and certiorari denied in the United States Supreme Court.

*U.S. Department of Transportation Advocacy on Behalf of National Association of the Deaf (2013)*
Established right of deaf truckers to operate commercial motor vehicles in interstate commerce and developed exemption process that won exemptions for first 45 deaf interstate truckers in United States.

**District Court and Appellate Litigation**

*A.R. v. Panera, LLC et al. (Middlesex Superior Court)*
Represented child with food allergies who was served a grilled cheese sandwich containing her allergens and who suffered an anaphylactic reaction as a result.

***Alcalde v. Deaton Specialty Hospital and Home, Inc.***, et al., 133 F.Supp.2d 702 (D. Md. 2001) **(briefed)**
Established viability of claims against individual physicians who denied deaf patient auxiliary aids and services while hospitalized.

***Badillo Santiago v. Naveira-Merly***, **378 F.3d 1 (1st Cir. 2004) (briefed)**
First Circuit held Puerto Rican court system not entitled to assert immunity to claims by hard of hearing litigant.

***Bernard v. State of Hawaii et al.***, **No. 1:02-cv-00367 (D.Haw. June 18, 2002)**
Complaint alleging discrimination against deaf individual in prison system resulting in settlement.

***Chisolm v. McManimon, et al.***, **275 F.3d 315 (3rd Cir. 2001) (argued)**
Third Circuit held that defendant was not entitled to assert 11th amendment immunity and that summary judgment had been improper where evidence sufficient to establish deaf man had been denied access to auxiliary aids and services.

***Drew v. Merrill, et al.***, **No. 99-810-KI (D. Or. Nov. 4, 1999)**
Consent Judgment requiring doctor to provide interpreter services to ensure effective communication with deaf patients and deaf individuals associated with patients, as well as damages, fees and costs.

***Edwards v. City of Houston***, **No. H-98-1369 (S.D. Tex. April 3, 2000)**
Complaint against City of Houston for failing to provide sign language interpreter services to ensure effective communication with deaf pre-trial detainee at the time of arrest resulting in settlement agreement in which defendant paid $115,000 in damages and attorneys' fees, and costs, and a comprehensive agreement requiring city government to provide auxiliary aids and services to persons utilizing city services, programs, and activities.

***Enos, et al. v. Arizona, et al.***, **No. 2:16-cv-00684) (D.Az. 2017)**
Litigating case to establish obligation of State to provide text access to 9-1-1 services for individuals who are deaf and hard of hearing.

***Ehrlichmann v. Silver Cinemas Acquisition Co.***, **No. 1:11-cv-02780 (D. Md. 2012)**
Complaint alleging discrimination in access to movie theaters by deaf patrons resulting in settlement agreement providing access to captioned movies and damages, attorneys' fees, and costs.

***Galloway v. Free State Health***, **No. 1:00-cv-03017 (D.Md. October 6, 2000)**
Complaint alleging discrimination in health insurance on behalf of deaf plaintiff.

***Goldschmidt v. Offices of James Su***, **No. 1:10-cv-07384 (S.D.N.Y. 2011)**
Complaint against private dentist for failure to provide interpreter services and failure to obtain informed consent resulting in confidential settlement.

***Gregory v. Home Depot, Inc.***, **No. 8:01-cv-03137 (D. Md. October 23, 2001)**
Complaint alleging discrimination in employment, including failure to reasonably accommodate deaf employee.

***Falls v. Prince George's Hospital Center***, **1999 WL 33485550 (D. Md. 1999)**
Complaint filed by deaf minor patient and hearing parent against private hospital that refused to provide interpreter services to ensure effective communication.  Defendants' motion for summary judgment denied and confidential monetary settlement agreement reached.

***F.M. et al., and L.G. et al v. Barbour County Board of Education, et al.***, **No. CV-99-A-155-N and No. CV-99-A-631-N (M.D. Ala. Aug 2, 2000) (argued)**
Complaint against State of Alabama, school district, and special education coordinator of the school district regarding the defendants' denial of an appropriate education for two deaf students resulting in settlement agreement after oral argument in which the defendants agreed to pay $275,000 in damages

for each set of plaintiffs, provide appropriate educational services as determined by Plaintiffs' expert, compensatory education services through age 25, and attorneys' fees and costs.

**Gordon v. State of Texas, No. H-98-0394 (S.D. Tex. Oct. 19, 1999)**
Complaint against state and judges for refusing to provide sign language interpreter services to ensure effective communication with deaf pre-trial detainee in pre-trial judicial proceedings resulted in settlement agreement in which state defendants paid damages, attorneys' fees and costs.

**Gordon v. Harris County, Texas, No. H-98-0394 (S.D. Tex. Oct. 7, 1999)**
Complaint against Harris County, Texas, for refusing to provide sign language interpreter services to ensure effective communication with deaf pre-trial detainee in pre-trial detention resulting in comprehensive settlement agreement requiring county government to provide auxiliary aids and services to persons utilizing county services, programs, and activities.

**J.D. v. Colonial Williamsburg Foundation, 2019 WL 2306266 (4th Cir. 2019)(argued)**
Prevailed before the 4th Circuit in case holding that the ADA may require places of public accommodation to allow individuals with medically necessary dietary restrictions to bring in their own safe food as an accommodation.

**K.M. et al. v. Great Wolf Lodges SPE LLC, No. 4:11-cv-0071 (E.D. Va. 2012)**
Settlement of claims resulted in nationwide access to all Great Wolf Lodge locations throughout the United States for individuals who are deaf and hard of hearing, including development of technology to allow deaf guests to participate in world's largest interactive, live-action game.

**Liuzza v. Brynn Marr, No. 7:12-cv-140 (E.D.N.C. 2012)**
Complaint against psychiatric facility for failure to ensure effective communication with deaf patient.

**Liuzza v. Martin County General Hospital, No. 7:12-cv-39 (E.D.N.C. 2011)**
Complaint hospital failed to provide interpreter services in the provision of emergency medical services.

**Lujan v. Thomson Hospitality, No. 8:98-cv-02097 (D. Md. October 28, 1999)**
Title I Americans with disabilities complaint against restaurant for failure to make reasonable accommodations for deaf employee. (Confidential settlement).

**Lujan v. Thomson Hospitality, No. AMD-98-2395 (D. Md. Oct. 28, 1999)**
Title I Americans with Disabilities Act complaint against restaurant for failure to make reasonable accommodations for deaf employee.  (Confidential settlement).

**Maldonado v. Panera, LLC, No. 1681-MICV-1584 (2016)**
Represented assistant manager in federal court complaint who alleged that he was subjected to disability based bullying because of his food allergies in employment.

**Majocha v.Turner, et al., 166 F.Supp.2d 316 (W.D. Pa. 2001) (briefed)**
Established right of non-disabled individual to an associational claim for discrimination experienced because of a deaf spouse in access to healthcare.  Settlement reached after denial of defense motion for summary judgment.

**Nat'l Ass'n of the Deaf v. State of Florida, 980 F.3d 763 (2020)(argued)**
Prevailed in appeal asserting Constitutional implications of denying access to legislative proceedings.

**N.J. v. National Passenger Railroad Corporation, No. 1:14-cv-01734 (D.D.C. 2014)**
Complaint against Amtrak alleging discrimination against teens with food allergies.

**Pearlman v. Adventist Health Care, Inc., No. 8:2012-CV-00211 (D. Md. Jan 21, 2012)**
Complaint against hospital that refused to provide auxiliary aids and services to ensure effective communication with deaf patient.

**Prakel v. State of Indiana, 100 F.Supp.2d 113 (S.D.Ind. 2015)**
Litigated case to establish right of spectators with disabilities to access court proceedings.

**Reininger v. State (2018)**

Denying a deaf citizen access to online captioning implicates the First Amendment and the fundamental right of access to political proceedings and there was valid abrogation of the State's Eleventh Amendment immunity.

***Riker v. Lockheed Martin*, No. 1:00-cv-02539-MJG (D. Md. August 22, 2000)**
Complaint against employer alleging discrimination based on disability against deaf job applicant. (Confidential settlement)

***S.P. v. City of Palmdale No. 2:16-cv-04600 (C.D.C. April 2017)***
Settled complaint against City for refusing to allow child access to epinephrine in its aftercare program for injunctive relief, $118,000 in damages and fees, and a concert by food allergy singer Kyle Dine at the child plaintiff's school.

***Sharik v. Good Samaritan Hospital*, No. 1:00-cv-02307  (N.D. Ill. March 14, 2000*)***
Complaint alleging hospital discriminated against deaf patient in failing to ensure effective communication.

***Smith v. University of Maryland*, No. 8:20-cv-00433 (D.Md 2020)**
Represented college student with celiac who experienced reactions as the result of dining service serving food containing gluten. Resulted in an audit of the University's food service programs and a settlement in the amount of $200,000.

***Wicks-Lim v. Young Shakespeare Players East (United States Department of Justice 2016)***
Letter of Finding issued against children's program for refusing to allow child with food allergies to attend with epinephrine and for retaliating against teen who advocated on behalf of child with food allergies.

***T.W. v. New York Board of Law Examiners No. 22:1661 (2d Cir.)(pending)***
Represent lawyer with educational and emotional disabilities who was denied accommodations on New York bar examination. Currently on appeal to the U.S. Court of Appeals to the Second Circuit.

## Education

Juris doctorate, *With Honors*, **University of Connecticut School of Law,** 1998
Clinical Training/Student Director **Yale Law School**, Advocacy for Persons with Disabilities Clinic
B.S. Deaf Education, Honors Program, *Summa Cum Laude*, **The College of New Jersey**, 1995

## Bar Admissions

United States Supreme Court
State of Maryland, Court of Appeals,
U.S. District Court of Maryland
State of Connecticut, Superior Court
U.S. District of Connecticut
State of Pennsylvania
U.S. District Court for the Western District of Pennsylvania
U.S. District Court for the Middle District of Pennsylvania
United States District for the Eastern District of New York
United States District for the Northern District of New York
United States District for the Southern District of New York
United States District Court for the District of Columbia
U.S. District of North Dakota
U.S. Court of Appeals for the Second Circuit
U.S. Court of Appeals for the Third Circuit
U.S. Court of Appeals for the Fourth Circuit

U.S. Court of Appeals for the Fifth Circuit
U.S. Court of Appeals for the Eighth Circuit
U.S. Court of Appeals for the Eleventh Circuit
U.S. District Court for the District of Arizona
Admitted *Pro Hac Vice*:  District of Alabama
                          District of Columbia
                          District of Hawaii
                          District of Nebraska
                          District of New Jersey
                          District of Oregon
                          District of Puerto Rico
                          Eastern District of North Carolina
                          Eastern District of Virginia
                          Eastern District of Washington
                          Kenton County Circuit, Kentucky
                          Middle District of Alabama
                          Middle District of California
                          Middlesex Superior Court (Massachusetts)
                          Northern District of Alabama
                          Northern District of Illinois
                          Southern District of Indiana
                          Southern District of Texas
                          Superior Court of New Jersey
                          Western District of North Carolina
                          Western District of Washington

## Honors and Appointments

### Children's National Medical Center
Served on SAGE committee as legal expert recommending national guidelines for the accommodation of Celiac Disease in schools.

### 2017 Food Allergy Research and Education Vision Award
Awarded the 2017 FARE Vision Award for outstanding professional leadership in food allergy activism.

### 2016 Eagle Award
Awarded the coveted Eagle Award by Disability Rights Advocates in honor of groundbreaking work in the area of disability rights for role as lead counsel in *Argenyi v. Creighton University*.

### Interagency Pain Research Coordinating Committee, National Institutes of Health (2011-2013)
Appointed by Secretary Kathleen Sebelius to serve on the prestigious, Congressionally-mandated Interagency Pain Research Coordinating Committee (IPRCC).

### American Academy of Pain Management's Advocate of the Year Award 2010
Awarded the Academy's Advocate of the Year Award for demonstrated and outstanding commitment to assisting and advocating for people with pain.

### Harry S. Truman Scholarship Foundation
Served on faculty of Congressionally established Harry S. Truman Foundation, as a Senior Scholar at William Jewell College.  Supervised policy group project in disability law and mentored Truman Scholars.

**Skadden Fellowship Foundation**
Chosen as 1998 Skadden Fellow by Skadden, Arps, Slate, Meagher & Flom. The Skadden is a prestigious fellowship granted to 25 law graduates yearly who show outstanding commitment to public interest legal work. Awarded fellowship to work on issues of national import to Deaf community.
**Yale Law School**
Served as student director of Advocacy for Persons with Disabilities Clinic.
**University of Connecticut School of Law**
Won appointment to Client Advocacy Board and Moot Court Board.
**Truman Scholar**
Named a 1994 Truman Scholar for outstanding commitment to advancing the rights of the Deaf community through public service. Served as a Senior Scholar in 2003.

**Selected Professional Presentations, Congressional Testimony, Publications, and Trainings**
Association on Higher Education and Disability, Representing Medical Students with Disabilities (2023)
Texas Law Disability Alliance, University of Texas Law, High Stakes Testing Accommodations (2023)
Food Allergy Litigation, University of Maryland School of Law Disability Clinic (2023, 2022, 2021, 2020)
Boston Children's Celiac Disease Program, Management of Celiac Disease in Schools (2023)
Food Allergy Research and Education, Accessibility Series (2021)
Women Making History, Thrive Meetings & Events, https://thrivemeetings.com/2020/03/women-making-history-on-the-rights-side/ 2020)
Birddog Nation, Disability Rights in Voting and Birddogging (2020)
SAGE, Accommodation of Celiac Disease in Schools, Children's National Medical Center (2019)
Food Allergy Litigation, FARE (2019)
The Right to Live in the World, FARE National Conference (2017)
Food Allergy and Disability, FARE Teen Summit (2016)
Food Allergy and Disability Discrimination, FABlogCon (2015)
Webinar, Food Allergies and Employment, FARE (2015)
Technical Standards, PepNET (2015)
Medical School Litigation, TenBroeke (2015)
Documentary Interview, The Painful Truth (released October 2015)
Medical School Litigation, Disability Rights Bar Association (2014)
Huckabee Show, Special Guest (2013)
Webinar, American Pain Foundation, Implantable Therapies, (2011)
U.S. House of Representatives, Pro Choice Caucus, Harmful Impact of Pitts Bill (2011)
Keynote Speaker, Action Network "Finding Our Voice" (2010)
Keynote Speaker, *The College of New Jersey*, Honors Program "Lessons" (2010)
*Small Business Television*, Disability Discrimination: What Employers Need to Know (2009)
Risk Evaluation and Mitigation Strategies, *U.S. Food and Drug Administration* (2009)
Risk Evaluation and Mitigation Strategies, *U.S. Food and Drug Administration* (2008)
H.R. 2994, National Pain Care Policy Act, Congressional Briefing (2007)
H.R. 1020, National Pain Care Policy Act, Congressional Briefing (2006)
Women in Government (2005)
The Infinite Mind: The Double Life of Oxycontin, *National Public Radio* (2004)
American Pharmacists Association, Community Pharmacy Training Program (2002, 2003, 2004)
Anderson Cooper 360, *CNN*, "The Truth About Oxycontin" (2003)
Nat'l. Assoc. of Protection and Advocacy Systems, "Disability Discrimination in Healthcare" (2003)
State Judges/Law Enforcement Training, "Providing Access to the Judicial System" (2001)

Press Conference, A Call for Balance, *U.S. Drug Enforcement Agency*, National Press Club (2001)
National Consumers League, National Press Club, Expert Panelist (2001)
*Gallaudet University Press*, Legal Rights: The Guide for Deaf and Hard of Hearing People.  (2000)
Development of Standards in Healthcare, Expert Panelist, *Gallaudet University* (2000)
NIH, National Conference for Deaf Federal Employees, "Discrimination in the ER" (2000)
Crier Today, Court TV, Special Guest (2000)

**Volunteerism**
Mid-Atlantic Italian Greyhound Rescue, The Banner School Auction Committee, Food Allergy Research and Education

**Language Skills**
Fluent in American Sign Language

EXHIBIT B

**Sampson v. Stony Brook   (Vargas)**

| Date | Time | Rate | Fee | Description |
|------|------|------|------|-------------|
| 6/29/22 | 1.7 | $450 | $765.00 | Client counseling |
| 6/30/22 | 3.7 | $450 | $1,665.00 | Draft complaint |
| 7/1/22 | 1.9 | $450 | $855.00 | Continue drafting complaint |
| 7/1/22 | 1.5 | $450 | $675.00 | Complete draft complaint |
| 7/5/22 | 0.1 | $450 | $45.00 | Email w Stein re timeline |
| 7/5/22 | 0.2 | $450 | $90.00 | Edit complaint |
| 7/6/22 | 0.1 | $450 | $45.00 | Email w/Stein re Dean case |
| 7/6/22 | 1.0 | $450 | $450.00 | Zoom w/team re litigation |
| 7/6/22 | 0.2 | $450 | $90.00 | Revise factual timeline for team |
| 7/7/22 | 0.2 | $450 | $90.00 | Outline strategy to team, contact potential witnesses |
| 7/7/22 | 0.1 | $450 | $45.00 | Review email from Weiner re students beyond 7 years |
| 7/8/22 | 0.1 | $450 | $45.00 | Review article from Stein re AAMC graduation dates |
| 7/11/22 | 0.2 | $450 | $90.00 | Review draft PI intro and facts |
| 7/11/22 | 0.2 | $450 | $90.00 | TC w Weiner re exhibits for PI |
| 7/11/22 | 0.2 | $450 | $90.00 | Zoom w/Stein re facts/solely basis of disability, next steps |
| 7/11/22 | 1.3 | $450 | $585.00 | Revise intro to PI motion |
| 7/14/22 | 0.2 | $450 | $90.00 | Zoom w/Stein re PI |
| 7/15/22 | 0.5 | $450 | $225.00 | Revised complaint, incorporate edits from Stein and Weiner |
| 7/18/22 | 0.1 | $450 | $45.00 | Review timeline and documents for case |
| 7/18/22 | 0.9 | $450 | $405.00 | Review new documents uploaded to dropbox |
| 7/20/22 | 0.1 | $450 | $45.00 | Read and respond to Weiner email re draft affidavits |
| 7/21/22 | 0.2 | $450 | $90.00 | Revise complaint and incorp feedback from Stein |
| 7/21/22 | 0.2 | $450 | $90.00 | Revise complaint |
| 7/21/22 | 0.1 | $450 | $45.00 | Review additional documents in case |
| 7/25/22 | 0.3 | $450 | $135.00 | Zoom w Stein re PI complaint, strategy, and exhibits |
| 7/25/22 | 0.1 | $450 | $45.00 | Email w/team re factual arguments in case |
| 7/26/22 | 2.5 | $450 | $1,125.00 | Revise facts for PI |
| 7/26/22 | 0.1 | $450 | $45.00 | Client counseling |

| 7/26/22 | 0.2 | $450 | $90.00 | Revise complaint to incorp feedback from Stein |
| 7/26/22 | 0.3 | $450 | $135.00 | Revise facts, revise complaint |
| 7/26/22 | 0.2 | $450 | $90.00 | Draft Civil Cover Sheet/Summons |
| 7/26/22 | 0.1 | $450 | $45.00 | Client counseling |
| 7/26/22 | 0.1 | $450 | $45.00 | Client update |
| 7/27/22 | 0.5 | $450 | $225.00 | Client counseling |
| 7/27/22 | 1.7 | $450 | $765.00 | Revise facts and PI brief |
| 7/27/22 | 0.1 | $450 | $45.00 | Email w Weiner re testimony needed in Meeks declaration |
| 7/27/22 | 0.4 | $450 | $180.00 | Review record of all communications with Stony Brook |
| 7/27/22 | 0.1 | $450 | $45.00 | Revise complaint to add President McInnis |
| 7/27/22 | 0.6 | $450 | $270.00 | Review and prepare file of possible PI exhibits |
| 7/27/22 | 0.2 | $450 | $90.00 | Client counseling |
| 7/28/22 | 0.1 | $450 | $45.00 | TC w/Weiner re PI |
| 7/28/22 | 0.3 | $450 | $135.00 | Review and edit complaint, propose areas to cut/simplify to Stein |
| 7/28/22 | 0.2 | $450 | $90.00 | Review local rules to ensure compliance in re complaint and PI |
| 7/28/22 | 1.4 | $450 | $630.00 | Revise and fact check brief |
| 7/28/22 | 1.0 | $450 | $450.00 | Zoom w Meeks and Weiner re declaration/research on NBME denials |
| 7/28/22 | 0.1 | $450 | $45.00 | Client update |
| 7/28/22 | 0.6 | $450 | $270.00 | Revise brief, email w team re needed revisions |
| 7/29/22 | 3.4 | $450 | $1,530.00 | Review and provide feedback on drafts, draft motion and proposed order |
| 7/29/22 | 0.2 | $450 | $90.00 | Client counseling |
| 7/29/22 | 0.1 | $450 | $45.00 | Revise draft affidavit |
| 7/29/22 | 0.2 | $450 | $90.00 | Final revisions to complaint |
| 7/29/22 | 0.2 | $450 | $90.00 | Review suits against Stony Brook on pacer re party name and service |
| 7/29/22 | 1.4 | $450 | $630.00 | Review all potential exhibits and select final PI exhibits |
| 7/29/22 | 0.1 | $450 | $45.00 | Revise language re relief sought in motion and proposed order |

| Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|
| 7/29/22 | 0.1 | $450 | $45.00 | Review and revise draft affidavit |
| 7/29/22 | 2.4 | $450 | $1,080.00 | Add record cites to brief, revise Sampson declaration |
| 7/29/22 | 2.9 | $450 | $1,305.00 | Final review of Complaint, Motion, Brief, Exhibits, Prepare for filing |
| 7/29/22 | 0.3 | $450 | $135.00 | File complaint and PI |
| 8/1/22 | 0.1 | $450 | $45.00 | Review docket entries, judge assignment, update client |
| 8/1/22 | 0.1 | $450 | $45.00 | TC w clerk's office re redaction |
| 8/1/22 | 0.1 | $450 | $45.00 | Email defense counsel re defense attorney assignment |
| 8/1/22 | 0.2 | $450 | $90.00 | Review Judge Azrack's Individual rules and email team re same |
| 8/1/22 | 0.1 | $450 | $45.00 | Email AG's office re waiver of service |
| 8/1/22 | 0.1 | $450 | $45.00 | Email AG's office re briefing schedule |
| 8/1/22 | 0.1 | $450 | $45.00 | Review and respond to email from AG's office re briefing schedule |
| 8/1/22 | 0.1 | $450 | $45.00 | Review and respond to email from AG's office re briefing schedule |
| 8/2/22 | 0.1 | $450 | $45.00 | Review and respond to email from EDNY clerk |
| 8/3/22 | 0.1 | $450 | $45.00 | Review docket entry from court, email to defense |
| 8/3/22 | 0.1 | $450 | $45.00 | TC to Singleton in AG's office left message |
| 8/3/22 | 0.1 | $450 | $45.00 | Draft and send waiver of service to defense |
| 8/3/22 | 0.3 | $450 | $135.00 | Set up service on defense per court order |
| 8/3/22 | 0.1 | $450 | $45.00 | TC to court re docket entry |
| 8/3/22 | 0.4 | $450 | $180.00 | Client update |
| 8/3/22 | 0.1 | $450 | $45.00 | email defense re completing waiver of service |
| 8/3/22 | 0.7 | $450 | $315.00 | TC w Singleton re facts and PI motion |
| 8/4/22 | 0.1 | $450 | $45.00 | Emailed team re prep for hearing, need for PI hearing |
| 8/4/22 | 0.2 | $450 | $90.00 | Prep for hearing, prepared outline, notes |
| 8/4/22 | 0.5 | $450 | $225.00 | Scheduling Conference with Judge Azrack re PI |
| 8/4/22 | 0.3 | $450 | $135.00 | Client update/counseling |
| 8/4/22 | 0.1 | $450 | $45.00 | Review and respond to email from defense re Reg cert |
| 9/19/22 | 0.1 | $450 | $45.00 | Review and respond to email from Weiner re filing under seal |

| Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|
| 9/20/22 | 0.1 | $450 | $45.00 | Review and respond to memo re reply brief |
| 9/21/22 | 0.1 | $450 | $45.00 | Client counseling |
| 9/23/22 | 0.2 | $450 | $90.00 | Review and revise declarations |
| 9/23/22 | 0.6 | $450 | $270.00 | TC w Weiner re exhibits for briefing |
| 10/6/22 | 0.1 | $450 | $45.00 | Client counseling |
| 10/6/22 | 0.4 | $450 | $180.00 | TC w Weiner to prep for telephonic hearing |
| 10/6/22 | 0.2 | $450 | $90.00 | Telephonic Hearing re extending injunction |
| 12/5/23 | 0.1 | $450 | $45.00 | Review and respond to email from Weiner re AG's office |
| 12/5/22 | 0.2 | $450 | $90.00 | Draft and file letter w Court re Status Conference |
| 12/6/22 | 1.1 | $450 | $495.00 | Client counseling |
| 12/8/22 | 0.7 | $450 | $315.00 | TC w/ first Weiner and then Weiner and client re negotiation with Stony Brook |
| 12/8/22 | 0.2 | $450 | $90.00 | review and revise draft outline of settlement to Stony Brook |
| 12/9/22 | 0.1 | $450 | $45.00 | Prep for status conf./outline joint agreement terms |
| 12/9/22 | 0.2 | $450 | $90.00 | Status conference |
| 12/9/22 | 0.4 | $450 | $180.00 | Client counseling |
| 12/9/22 | 0.1 | $450 | $45.00 | Review and respond to email from DOJ re status conf. |
| 12/9/22 | 0.1 | $450 | $45.00 | Email Weiner re status of negotiations |
| 12/9/22 | 0.1 | $450 | $45.00 | Email chain w Stony Brook re negotiations |
| 12/9/22 | 0.1 | $450 | $45.00 | Client update |
| 12/12/22 | 0.1 | $450 | $45.00 | Prep for call with Stony Brook counsel re terms of resolution |
| 12/12/22 | 0.1 | $450 | $45.00 | TC w/ defense counsel re terms of resolution |
| 12/12/22 | 0.1 | $450 | $45.00 | Client update |
| 12/13/22 | 0.3 | $450 | $135.00 | Gather materials for defense re joint degree and draft email re same |
| 12/20/22 | 0.1 | $450 | $45.00 | Email defense re zero credit registration |
| 12/20/22 | 0.1 | $450 | $45.00 | Review and respond to email from defense re zero credit registration |
| 12/20/22 | 0.1 | $450 | $45.00 | Client update |
| 12/22/22 | 0.1 | $450 | $45.00 | Email Stein re negotiation term |

| Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|
| 12/26/22 | 1.2 | $450 | $540.00 | Research proposed negotiation terms, revise draft negotiation terms |
| 12/28/22 | 0.2 | $450 | $90.00 | Revise draft agreement |
| 1/3/23 | 0.1 | $450 | $45.00 | Revise draft agreement |
| 1/4/23 | 0.2 | $450 | $90.00 | Revise draft agreement |
| 1/10/23 | 0.1 | $450 | $45.00 | Revise draft agreement |
| 1/16/23 | 0.1 | $450 | $45.00 | Revise draft agreement |
| 1/18/23 | 0.1 | $450 | $45.00 | Client counseling |
| 1/18/23 | 0.1 | $450 | $45.00 | Email AG's office copy of draft negotiation language |
| 1/24/23 | 0.5 | $450 | $225.00 | TC w Weiner to discuss response to AG rejection of proposed settlement terms |
| 1/25/23 | 0.2 | $450 | $90.00 | TC w Weiner re negotiation/stipulation |
| 1/25/23 | 0.5 | $450 | $225.00 | TC w Lynch and Weiner re negotiations |
| 1/25/23 | 0.1 | $450 | $45.00 | Discuss with Stein negotiation strategy |
| 1/30/23 | 0.2 | $450 | $90.00 | Client counseling |
| 1/31/23 | 0.1 | $450 | $45.00 | Review draft update to court from defense and email Weiner re same |
| 1/31/23 | 0.1 | $450 | $45.00 | Discuss court update with Weiner |
| 1/31/23 | 0.1 | $450 | $45.00 | Respond to defense re draft update to court |
| 5/1/23 | 0.1 | $450 | $45.00 | TC w Lynch re medical school status |
| 5/1/23 | 0.1 | $450 | $45.00 | Review draft joint status report |
| 5/1/23 | 0.1 | $450 | $45.00 | Discuss joint status report with Stein and Weiner and respond to Lynch |
| 5/1/23 | 0.2 | $450 | $90.00 | Review and edit draft settlement |
| 5/1/23 | 0.1 | $450 | $45.00 | Review and edit draft settlement |
| 5/3/23 | 0.5 | $450 | $225.00 | Outline points/argument for status conference |
| 5/3/23 | 0.6 | $450 | $270.00 | TC w Weiner re strategy for status conference |
| 5/3/23 | 0.3 | $450 | $135.00 | Status conference |
| 5/3/23 | 0.4 | $450 | $180.00 | Client counseling |
| 5/3/23 | 0.5 | $450 | $225.00 | Draft and negotiate stipulation w defense |
| 5/3/23 | 0.3 | $450 | $135.00 | Status conference |

| Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|
| 5/3/23 | 0.3 | $450 | $135.00 | TC w Weiner re status conference debrief |
| 5/3/23 | 0.2 | $450 | $90.00 | Update Stein re stipulation/order |
| 5/23/23 | 0.1 | $450 | $45.00 | Review and respond to email from Stony Brook re settlement |
| 5/23/23 | 0.1 | $450 | $45.00 | Email team re Stony Brook proposal |
| 5/23/23 | 0.1 | $450 | $45.00 | Email w Stein re settlement proposal |
| 5/24/23 | 0.4 | $450 | $180.00 | Client counseling |
| 5/26/23 | 0.1 | $450 | $45.00 | Review and respond to email from Weiner re negotiations |
| 5/26/23 | 0.1 | $450 | $45.00 | Email Weiner re briefing schedule |
| 5/26/23 | 0.1 | $450 | $45.00 | Developed proposed briefing schedule for Stein review |
| 5/26/23 | 0.1 | $450 | $45.00 | Email Weiner re proposed briefing schedule |
| 6/1/23 | 0.1 | $450 | $45.00 | Review and respond to email from AG re clawback |
| 6/2/23 | 0.1 | $450 | $45.00 | Email w Weiner re briefing schedule |
| 6/13/23 | 0.1 | $450 | $45.00 | Review docket entry to confirm deadlines |
| 6/13/23 | 0.4 | $450 | $180.00 | TC w Weiner re status conf and strategy for final resolution |
| 6/13/23 | 0.2 | $450 | $90.00 | Draft letter to AG re settlement |
| 6/13/23 | 0.1 | $450 | $45.00 | Revise draft letter to AG re settlement |
| 6/14/23 | 0.1 | $450 | $45.00 | Review and respond to email from AG/email w team re same |
| 6/14/23 | 0.2 | $450 | $90.00 | Draft and send letter to AG re negotiation |
| 6/14/23 | 0.8 | $450 | $360.00 | Client counseling |
| 6/15/23 | 0.2 | $450 | $90.00 | Draft email to AG re fees and costs |
| 6/20/23 | 0.1 | $450 | $45.00 | Review letter from AG re negotiation |
| 6/20/23 | 0.1 | $450 | $45.00 | Review draft letter to AG re negotiation and email Weiner re same |
| 6/21/23 | 0.1 | $450 | $45.00 | Review letter from AG re negotiation |
| 6/21/23 | 0.1 | $450 | $45.00 | Review draft letter to AG re negotiation and email Weiner re same |
| 6/21/23 | 0.2 | $450 | $90.00 | Status conference |
| 6/21/23 | 0.1 | $450 | $45.00 | TC w Weiner re AG response and prep for status conf |
| 6/21/23 | 0.8 | $450 | $360.00 | Client counseling |
| 6/21/23 | 0.1 | $450 | $45.00 | Review client email re settlement terms and tuition |
| 7/5/23 | 0.1 | $450 | $45.00 | Review and revise draft settlement proposal |

| 7/6/23 | 0.1 | $450 | $45.00 | Review and revise draft settlement proposal |
|---|---|---|---|---|
| 7/6/23 | 0.1 | $450 | $45.00 | Review and revise draft settlement proposal |
| 7/7/23 | 0.2 | $450 | $90.00 | Client counseling |
| 7/7/23 | 0.2 | $450 | $90.00 | Revise settlement language and email AG new draft w tracked changes |
| 7/10/23 | 0.2 | $450 | $90.00 | TC w Weiner re new settlement language from AG's office |
| 7/11/23 | 0.1 | $450 | $45.00 | TC w Weiner re revisions to settlement language |
| 7/11/23 | 0.4 | $450 | $180.00 | TC w. AG re settlement language |
| 7/11/23 | 0.1 | $450 | $45.00 | TC to Weiner re negotiations |
| 7/11/23 | 0.5 | $450 | $225.00 | Client counseling |
| 7/11/23 | 0.2 | $450 | $90.00 | Revise settlement language per discussion w AG and email AG re same |
| 7/11/23 | 0.1 | $450 | $45.00 | Status conference w Court (Weiner lead) |
| 7/11/23 | 0.3 | $450 | $135.00 | Client counseling |
| 7/12/23 | 0.1 | $450 | $45.00 | Email Court (Dwayne Cox) re transcript requests |
| 7/12/23 | 0.1 | $450 | $45.00 | Prepare transcript requests per Cox instructions |
| 7/12/23 | 0.1 | $450 | $45.00 | Review and respond to email from court (Dwayne Cox) re transcript request |
| 7/14/23 | 0.1 | $450 | $45.00 | Email AG's office requesting response to our proposed edits to language |
| 7/14/23 | 0.1 | $450 | $45.00 | Review and respond to email from AG's office re language |
| 7/25/23 | 0.2 | $450 | $90.00 | Review prior Stony Brook settlement language on future claims release |
| 7/31/23 | 0.2 | $450 | $90.00 | TC w Weiner re fee petition |
| 7/31/23 | 0.1 | $450 | $45.00 | Email to request dec supporting fee petition |
| 8/1/23 | 0.1 | $450 | $45.00 | Respond to email from fee petition declarant re conflicts check |
| 8/1/23 | 0.3 | $450 | $135.00 | Gather materials for fee petition declarant to review |
| 8/3/23 | 0.4 | $450 | $180.00 | Client counseling |
| 8/3/23 | 0.3 | $450 | $135.00 | Discuss with Stein on zoom next steps re: case/fee petition |

| Date | Hours | Rate | Amount | Description |
|---|---|---|---|---|
| 8/8/23 | 0.4 | $450 | $180.00 | Gather additional background materials at request of declarant for fee petition |
| 8/8/23 | 0.2 | $450 | $90.00 | Respond to email from declarant re declaration for fee petition |
| 8/8/23 | 0.1 | $450 | $45.00 | Draft email to Weiner re fee petition |
| 8/8/23 | 0.2 | $450 | $90.00 | Client counseling |
| 8/9/23 | 0.1 | $450 | $45.00 | Provide declarant with background materials as requested for declaration in support of fee petition |
| 8/11/23 | 0.1 | $450 | $45.00 | Respond to email from declarant re declaration in support of fee petition |
| 8/14/23 | 0.1 | $450 | $45.00 | Respond to email from declarant re declaration in support of fee petition |
| 8/15/23 | 3.6 | $450 | $1,620.00 | Review all Stony Brook transcripts and revise facts for fee petition |
| 8/16/23 | 5.1 | $450 | $2,295.00 | Revise intro, facts, prevailing party, and attorney profile sections of fee petition |
| 8/17/23 | 0.3 | $450 | $135.00 | Review and revise draft fee petition |
| 8/18/23 | 0.8 | $450 | $360.00 | Review and revise draft fee petition |
| 8/18/23 | 0.4 | $450 | $180.00 | Draft Vargas Declaration for fee petition |
| 8/18/23 | 0.1 | $450 | $45.00 | Email team re declarations in support of fee petition |
| 8/21/23 | 0.5 | $450 | $225.00 | Meet with declarant to request declaration in support of fee petition |
| 8/21/23 | 0.3 | $450 | $135.00 | Review and edit fee petition |
| 8/21/23 | 0.1 | $450 | $45.00 | Email with declarant re declaration in support of fee petition |
| 8/21/23 | 0.2 | $450 | $90.00 | Respond to email from declarant re declaration in support of fee petition |
| 8/21/23 | 0.1 | $450 | $45.00 | Email with declarant re declaration in support of fee petition |
| 8/21/23 | 0.3 | $450 | $135.00 | Review and revise fee petition |
| 8/21/23 | 0.1 | $450 | $45.00 | Revise Vargas declaration for fee petition |
| 8/21/23 | 0.1 | $450 | $45.00 | Email legal team re fee petition record cites |
| 8/22/23 | 0.1 | $450 | $45.00 | Respond to email from declarant in support of fee petition |

| 8/22/23 | 0.1 | $450 | $45.00 | Respond to email from declarant in support of fee petition |
| 8/22/23 | 0.1 | $450 | $45.00 | Email Weiner re declarations in support of fee petition |
| 8/22/23 | 0.6 | $450 | $270.00 | Zoom with Stein to revise fee petition |
| 8/22/23 | 0.3 | $450 | $135.00 | Exercise billing judgement to reduce time records |
| 8/22/23 | 0.2 | $450 | $90.00 | Revise Vargas declaration for fee petition |
| 8/22/23 | 1.2 | $450 | $540.00 | Review, organize, and number exhibits |
| 8/22/23 | 1.5 | $450 | $675.00 | Add record cites to fee petition, revise Sampson declaration |
| 8/22/23 | 0.9 | $450 | $405.00 | Subcite record cites in fee petition |
| 8/22/23 | 0.2 | $450 | $90.00 | Revise Vargas declaration for fee petition |
| 8/23/23 | 1.1 | $450 | $495.00 | Prepare exhibits for filing |
| 8/23/23 | 0.1 | $450 | $45.00 | Revise and finalize Vargas declaration |
| 8/23/23 | 0.6 | $450 | $270.00 | Final proof of fee petition |
| 8/23/23 | 0.7 | $450 | $315.00 | Final review of Individual Rules for Compliance, proof of exhibits for filing |

| **Total** | **85.8** | | **$38,700.00** | |

EXHIBIT C

**Subject:** Activity in Case 2:22-cv-04490 Sampson v. Stony Brook University Complaint

**Date:** Friday, July 29, 2022 at 9:15:48 PM Eastern Daylight Time

**From:** ecf_bounces@nyed.uscourts.gov

**To:** nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered by Vargas, Mary on 7/29/2022 at 9:14 PM EDT and filed on 7/29/2022

**Case Name:**           Sampson v. Stony Brook University

**Case Number:**         2:22-cv-04490

**Filer:**               Robert Sampson

**Document Number:** 1

**Judge(s) Assigned:**   The Court will contact you shortly on the Judge Assignment.

**Docket Text:**

**COMPLAINT against Stony Brook University filing fee $ 402, receipt number ANYEDC-15798481 Was the Disclosure Statement on Civil Cover Sheet completed -YES,, filed by Robert Sampson. (Attachments: # (1) Civil Cover Sheet, # (2) Proposed Summons) (Vargas, Mary)**

**2:22-cv-04490 Notice has been electronically mailed to:**

Mary Caroline Vargas     mary.vargas@steinvargas.com, info@steinvargas.com, martie.lafferty@steinvargas.com

**2:22-cv-04490 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP NYEDStamp_ID=875559751 [Date=7/29/2022] [FileNumber=17064477-0]
[7aaba5f486d072a47f7ad02b322e6c9448ba4f9871aa094e43b64caf2f78d332fa2a
d7a333c562b8df9e88056732b8f1cc61cdb3668fcc6060376e99c38a1b70]]

**Document description:**Civil Cover Sheet

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP NYEDStamp_ID=875559751 [Date=7/29/2022] [FileNumber=17064477-1]
[aee0f641873c04c8ba9149f6f86c68dc03826d230dfe1ebbbab1e32991f1ead40daf
4d7a169ad48f30b8d8a58467f177c7e20373eb4110753b9bdb2e96a9526f]]

**Document description:**Proposed Summons

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=7/29/2022] [FileNumber=17064477-2]
[b3061aba1b71dcccd5be55388791d6c4f8b4a2ebbb8c54e6e5133480e27f5633066f
076b8e0f54da9db35af3eed7c93c58d30be37b15d717d92518b0ffa12336]]

**Transcriptions Plus II, Inc.**

61 Beatrice Avenue
West Islip, NY  11795
Office # (917)817-2825
Rosalie Lombardi
RL.Transcriptions2@gmail.com
Mary Greco
MaryGrecoTranscripts@gmail.com
**Tax ID#  27-3972254**

**INVOICE# 2023/311**

Processed by:   C. Giacalone

---

**Payment due upon receipt of transcript**
**All credit card payments processed through PayPal Business Services**
**-- Please provide payment information by email or phone --**
**-- We accept Zelle payments --**

**Billed To**:

Mary Vargas
Washington DC
(240)793-3185
mary.vargas@steinvargas.com

**Invoice Date:**  8/11/2023

---

| Caption | Docket # | Date(s) | Category | Rate | Pages | Amount |
|---|---|---|---|---|---|---|
| Sampson v. Stony Brook University | 22-cv-4490 | all dates | 30-day ordinary | $4.02 | 47 | $196.94 |
| | | | | **Split Cost** | | $ |
| | | | | **Total** | | $196.94 |

*An additional fee of 4% will be applied to all credit card transactions*

**Thank you!**

# Sent $196.94



# to TRANSCRIPTION…

*Enrolled as TRANSCRIPTIONS PLUS II INC.*

# rl.transcriptions2@gmail.com

*The money will be available in*
*TRANSCRIPTIONS PLUS II INC.'s*
*account shortly, typically in minutes.*

**Memo:**
Transcripts. Sampson v. Stony Brook, et al.

Confirmation: PNCAA0GcB89F

**ALL DONE**