# EXHIBIT 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT SAMPSON, Plaintiff, | : | 22-CV-4490 (JMA)(AYS) |
| | : | May 3, 2023 |
| v. | : | Central Islip, NY |
| STONY BROOK UNIVERSITY, et al., Defendant. | : | |

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: MARY VARGAS, ESQ.
Stein & Vargas LLP
10 G Street NE, Suite 600
Washington, DC 20002

For the Defendant: HELENA LYNCH, ESQ.
NYS Attorney General
200 Old Country Road, Suite 240
Mineola, NY 11501

Court Transcriber: ARIA SERVICES, INC.
c/o Elizabeth Barron
274 Hovey Road
Milo, ME 04463
Aria@leinen.net

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE CLERK: Case 22-CV-4490, Sampson v. Stony Brook University. Counsel, state your appearances please and then the judge will call in.

MS. VARGAS: Good morning. This is Mary Vargas and Chuck Weiner for the plaintiff, Mr. Sampson.

MS. LYNCH: This is Helena Lynch with the Attorney General's Office for defendants.

THE CLERK: The judge will call in, in a moment.

THE COURT: Good morning, this is Judge Azrack. We have Ms. Vargas?

MS. VARGAS: Good morning, your Honor.

THE COURT: And Ms. Lynch?

MS. LYNCH: Yes, good morning, your Honor.

THE COURT: Okay, good morning. Obviously, I'm sure you've all read the Circuit's decision in the NBME case. And as I'm sure you're aware, the Circuit's decision turned largely on the status of this case. I wanted this conference because I was hoping that we could reach a goal of the irreparable harm issue that was identified by the Circuit in the opinion.

First, I want to go back to the status conference when we spoke on December 9th. At that time, Ms. Vargas represented that you had reached a provisional agreement that would, among other things,

have permitted Mr. Sampson to take the step one exam on May 15th and assuming he passed it, giving him until August, '24, 2024 to graduate. But the in your letter yesterday, Stony Brook says it's only agreeing to maintain the status quo and keep Mr. Sampson enrolled pending the results of the step one exam should he proceed with the exam. So with that backdrop, I wanted to discuss two issues with regard to this new position.

First, I don't think that this is sufficient to address the Circuit's irreparable harm analysis. I'm not going to repeat the decision. You've read it, I'm sure you've studied it. I'm not going to belabor this point. But it seems to me the Circuit concluded that Sampson hadn't demonstrated irreparable harm because regardless of the outcome of the NBME case, he couldn't continue with medical school unless he prevailed in the Stony Brook case. So I don't see any reason for Stony Brook's sudden reversal.

Subject to your agreement to the proposal I'm going to make, which I'm going to outline in a minute, I plan to reissue the preliminary injunction in the NBME case once NBME and Sampson have had an opportunity to be heard. I think this path will both serve Stony Brook's interest in finality and also address the irreparable harm issue, allowing the

Sampson case against NBME to proceed to a merits determination.

So my proposal is that you agree to the same provisional terms that you outlined in December, namely that Mr. Sampson will remain a student in good standing through August, 2024 and that he'll be permitted to proceed with his clinical studies once he passes step one. If he's unable to complete his medical requirements within that time, he'll be subject to dismissal. So that's my proposal, so I'm listening.

MS. VARGAS: Your Honor, this is --

MS. LYNCH: Pardon me, this is Helena Lynch, your Honor. May I speak?

THE COURT: Yes.

MS. LYNCH: With respect to the letter Monday, that was just our position as of now. We are very much willing to go ahead with the settlement as it was presented in December and as we understood it to be. But when I -- when I sent a draft to Mr. Sampson's counsel, they returned a different agreement to me, which was a consent decree, which we think is entirely inappropriate, and terms that I understood to be a little bit more open-ended that didn't really lock in the finality of the August 12th, 2024 date. So the bottom line is, we are still very much willing --

THE COURT: Okay.

MS. LYNCH: -- to give Mr. Sampson until August, 2024.

THE COURT: Yeah. I totally --

MS. VARGAS: Your Honor --

THE COURT: Wait, let me just say this. I am totally on board with that and I think the August, 2024 date is generous, and I don't think Mr. Sampson should ask for more.

But, Ms. Vargas, go ahead.

MS. VARGAS: Your Honor, there is nobody who wants finality and completion of his medical degree more than Mr. Sampson. He is two weeks away from taking step one. He has used his dedicated study period and wants to proceed with accommodations. The reason he absolutely welcomes the opportunity to have until August 12, 2024 to finish. Although he believes that the seven-year policy does not apply as a joint-degree student, nevertheless, he wants to finish by August 12th, 2024.

The reason that Mr. Sampson cannot sign an agreement that says that is because as of this moment, he has no court-ordered ability to take the test with accommodations, and we now understand that Stony Brook has changed its policies about step two, the next part

of the test, and requires him to take step two pretty soon after taking step one. Therefore, we could not advise Mr. Sampson to sign a settlement agreement that says he will finish by August 12th, 2024 in the absence of having access to the accommodations to actually do so.

THE COURT: Well, the only way he's going to get the accommodations to do so is if we proceed with my plan.

MS. VARGAS: We are on board with your plan and we understood from our conversations with Ms. Lynch that she was willing to stipulate -- (ui) to your plan, that she willing to stipulate that Mr. Sampson would have until August 12th, 2024 to complete his medical degree, and we agree with that.

THE COURT: Then that's it, that's the agreement, so let's put it on the record right now, because then I'm going to schedule a conference tomorrow morning with NBME and you, Ms. Vargas, so we can move that ball.

MS. VARGAS: Thank you, your Honor.

THE COURT: Because May 15th is soon upon us. So can you either put this on the record right now or get me something in the next hour?

MS. LYNCH: Your Honor, I just need to

clarify one thing, only because it was discussed in December. I was basically overruled on the fee issue so we -- at one point, we discussed agreeing to disagree and setting aside the fee issue and not include it here.

THE COURT: Yes.

MS. LYNCH: But I was overruled so we have to have a no-fee provision in the stipulation.

MS. VARGAS: Our understanding was that the agreement we had -- this is Mary Vargas -- we had discussed in --

THE COURT: I know.

MS. VARGAS: -- December, 2022 was that the parties would agree to Mr. Sampson completing (ui) 2024 and we would brief to the Court the issue of attorneys' fees.

MS. LYNCH: Yes, and I agree with that, except I've been overruled on that and we have to -- especially at this juncture, we are holding fast that it has to be a no-fee agreement.

THE COURT: Look, I think what's important here is that this young man get to take this exam on May 15th, for which he's worked for years and now has studied. So figure out this fee situation because that would be horrendous for that to get in the way of the

plan I'm proposing.

MS. LYNCH: Understood, your Honor.

THE COURT: I would suggest you leave it up to me, Ms. Lynch. You tell your client to leave it up to the judge. Put it on the back burner and leave it up to the judge.

MS. LYNCH: Okay.

THE COURT: Time is of the essence.

MS. LYNCH: Okay. I'll revisit that. I was overruled on that but I will revisit it with an appeal to the urgency of the situation.

THE COURT: I mean, we need to know like in the next two hours.

MS. LYNCH: Okay.

THE COURT: Yeah. I mean, look, you know, it's up to me -- you know, it's left up to me as to whether Sampson is prevailing under this settlement, so the settlement can say no fees and it be left up to me.

MS. LYNCH: Okay. I'm going to -- I'm going to take this to my superiors and to my client, and we will figure it out.

THE COURT: I mean, yeah, because it will be -- it will be a determination I make as to whether he's prevailing or not, but we need to get this done in the next -- by 11:30.

MS. LYNCH: Okay. I will do my best.

THE COURT: So let's talk at 11:30.

MS. LYNCH: Okay.

THE COURT: Actually, let's talk at 11:15. It's only 10 -- you've got an hour, and that's my view. I think the settlement should say no fees and then you litigate before me whether he's a prevailing party. That's what I think. Ms. Vargas, Ms. Lynch, that's my take on it.

MS. VARGAS: Thank you, your Honor.

THE COURT: Just say no fees, it should be what I set out, and we should put it on the record at 11:15. So let's talk again at 11:15. The settlement should say no fees. All right, let's do it. At 11:15, I'll talk to you.

MS. VARGAS: Thank you very much, your Honor.

MS. LYNCH: Your Honor, should we call in at the same number?

THE COURT: Yes, same thing, thank you.

MS. LYNCH: Okay, thank you.

(Second call.)

THE CLERK: Recalling 22-CV-4490, Sampson v. Stony Brook. Counsel, state your appearances, please.

MS. VARGAS: Good morning. My name is Mary

Vargas for the plaintiff, Mr. Sampson, along with my co-counsel, Charles Weiner.

MS. LYNCH: Helena Lynch here with the Attorney General's Office for defendants.

THE COURT: Okay, let's revisit where we were. Are we ready to read a stipulation into the record?

MS. VARGAS: Good morning, your Honor. This is Mary Vargas. We have proposed a four-part stipulation. The Attorney General's Office has agreed to three of those parts and is awaiting confirmation on one of those parts.

THE COURT: Okay.

MS. VARGAS: So I'm happy to read that and explain the one point that we need that they are still confirming.

THE COURT: Okay. Is that okay with you, Ms. Lynch?

MS. LYNCH: Yes, as long as it's clear that I'm not able to stipulate to number three at this juncture.

THE COURT: Okay, so let me hear it.

MS. VARGAS: Number one: Stony Brook University will permit Mr. Sampson until August 12th, 2024 to complete his medical education.

Number two: Mr. Sampson cannot proceed to phase three of his medical education until he takes and passes step one.

Number three, and this is the part the Attorney General's Office does not yet have agreement on: Mr. Sampson will take step two by October 15th, 2023.

And number four: This stipulation does not include fees. The Court will decide prevailing party status and the award of fees and costs if any.

THE COURT: Okay, so it's number three that we're waiting on, Ms. Vargas?

MS. VARGAS: Yes, and the reason that's critical to us is, we understand that Stony Brook University now required step two to be taken earlier than it used to be. So Mr. Sampson may immanently need accommodations for step two pretty soon after he takes step one. We identified October 15th, 2023 as the deadline for that because that is the deadline that would allow him to complete his medical education consistent with the rest of the stipulation. But this is something new that there's not been a lot of discussion about between the parties, so that's why Ms. Lynch obviously has not had much time to discuss this with her clients.

MS. LYNCH: I've had no time.

MS. VARGAS: Correct.

MS. LYNCH: I don't read the policy that way. I'm obviously trying to rush to figure it out but I don't read it that way. Also, in our view, there's no need to make a factual record for a future P.I. When the P.I. application happens for step two, the factual record can be included in the P.I. motion. It doesn't need to be here.

MS. VARGAS: Your Honor, our view is that the Second Circuit has made clear what it needs on immanent harm. And assuming that Mr. Sampson has the opportunity to take step one with the accommodations he needs, he will then almost immediately be in the same jeopardy with regard to step two, and we need to have the record established clearly when he needs to take that test by.

THE COURT: Which is October of this year.

MS. VARGAS: I'm sorry, yes. We believe it's October 15th, 2023 in order for him to have sufficient time for him to complete his clinicals.

THE COURT: So I guess my -- so what are you waiting on, Ms. Lynch?

MS. LYNCH: I'm waiting to find out if that's correct because I don't see it. I'm waiting to

hear from the academic advisor at the medical school because I'm reading the policies and procedures, and it doesn't look that way to me, but I'm not the person --

THE COURT: Why do you need it, Ms. Vargas?

MS. VARGAS: Mr. Sampson will need to take step two, from our reading of Stony Brook's policies, pretty soon after he takes step one. The preliminary injunction that was pending against the NBME only involved step one. If we're correct on what Stony Brook's policies are in regard to step two, as soon as Mr. Sampson takes step one, he will now be in immanent need of an injunction in regard to step two. So for the same reason we need a deadline for the preliminary injunction for immanent harm for step one, we will need it for step two as well.

MS. LYNCH: Your Honor, may I respond?

THE COURT: Yes.

MS. LYNCH: I believe that that's just completely outside the scope of -- well, of this litigation, of this P.I. motion as well as the NBME P.I. motion and what the Second Circuit addressed. So if Mr. Sampson needs to make a factual record of a second P.I. motion, then we can figure out what the correct fact is and then -- I just think it's outside the scope --

THE COURT: I agree.

MS. LYNCH: -- of what we're dealing with here.

THE COURT: I agree, I agree, I agree.

MS. LYNCH: Okay.

THE COURT: I think you need to quit while you're ahead, Ms. Vargas.

MS. VARGAS: Thank you, your Honor.

THE COURT: So I think it should be one, two, and what was four? Four was fees if any -- I mean, I think it should be no fees because I think that the case against Stony Brook is not as strong a case as the case against the medical board. I think it should just be no fees. I think this is a huge -- you know, this is a huge victory just to get this, if we can -- if this works.

MS. VARGAS: This is a medical student with six figures in legal fees, your Honor.

THE COURT: I know. I know that. I recognize that.

MS. LYNCH: Your Honor, we very much agree with you.

THE COURT: All right, I think we should go -- read me four again.

MS. VARGAS: This stipulation does not

include fees. The Court will decide prevailing party status and the award of fees and costs if any.

THE COURT: Well, it's not as if anybody -- I'm not agreeing, the school isn't agreeing to prevailing party. It's just going to be in my lap. All right. I can't -- I mean, I can't -- I think one and two are easy. I think three is out. And I think four is dubious, but I don't want this to crater over four.

MS. LYNCH: Your Honor, the stipulation -- the revised stipulation that I circulated a little while ago omits the prevailing party provision, so that would leave that open. So if we only included the first sentence, this stipulation does not include fees, the remainder isn't foreclosed by the stipulation.

THE COURT: Yes, good point.

MS. LYNCH: So we don't need --

THE COURT: That's a good point. That's a good point. That's actually an excellent point. That's how it should read. Okay, read it to me -- read it to me one more time.

MS. VARGAS: This stipulation does not include fees is my understanding of what Ms. Lynch is suggesting, and we won't object to that.

THE COURT: Okay, so let's go with one, two,

and four.

MS. VARGAS: Thank you, your Honor.

THE COURT: Can you -- what I would like you to do is, read one, two, and four into the record so I can basically have Ms. Lynch so stipulate. And then I'd like you to put that stipulation on the record -- file that stipulation on the record immediately after this conference.

MS. VARGAS: Yes, your Honor. Number one --

THE COURT: So if you want to read number one, go ahead.

MS. VARGAS: Number one: Stony Brook University will permit Mr. Sampson until August 12th, 2024 to complete his medical education.

Number two: Mr. Sampson cannot proceed to phase three of his medical education until he takes and passes step one.

And number four: This stipulation does not include fees.

THE COURT: Agreed, Ms. Lynch?

MS. LYNCH: Yes, your Honor.

THE COURT: Okay. Agreed, Ms. Vargas?

MS. VARGAS: Yes, your Honor.

THE COURT: Okay. Please file that stipulation on the record in the next hour.

MS. VARGAS: Your Honor, should that be filed as part of a letter or a proposed order?

THE COURT: I guess it could be a proposed order.

MS. VARGAS: Okay.

THE COURT: All right?

MS. VARGAS: Thank you.

THE COURT: Okay, all right, thank you. Thank you all very much.

MS. LYNCH: Thank you, your Honor.

MS. VARGAS: Thank you.

* * * * * * *

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

ELIZABETH BARRON June 8, 2023