# EXHIBIT 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ROBERT SAMPSON,

                        Plaintiff.        22-CV-04490 (JMA) (AYS)

      -against-                   DECLARATION OF LAWRENCE D.
                                                  BERGER, ESQUIRE IN SUPPORT
STONY BROOK UNIVERSITY, ET AL.,        OF PLAINTIFF'S PETITION FOR
                                                  ATTORNEYS' FEES

                        Defendants.
------------------------------------------------------------x

       1.       I am an attorney in good standing in private practice in Pennsylvania for more than 50 years (since 1972) and in New Jersey for more than 30 years (since 1991). I currently practice as Of Counsel with the law firm Reisman Carolla Gran & Zuba LLP in Haddonfield, New Jersey. I am also admitted to practice in the United States District Courts for the Eastern District of Pennsylvania, Middle District of Pennsylvania, and District of New Jersey, in the United States Court of Appeals for the Third Circuit and the United States Supreme Court. I have also appeared *pro hac vice* in many other jurisdictions.

       2.       I am a graduate of the University of Pennsylvania (B.A. 1969) and Yale University (J.D. 1972).

       3.       Until 2009, the primary focus of my practice was commercial and securities law. Since 2009 and currently, the primary focus of my practice has been the rights of people with disabilities under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA") and other similar laws. I also have served since 2012 as an Arbitrator for commercial cases with the American Arbitration Association.

4. As part of my practice as an attorney for people with disabilities, I have since 2016 represented many medical students and medical residents who had disputes with the National Board of Medical Examiners ("NBME") concerning test accommodations for the United States Medical Licensing Examination ("USMLE"). I have also assisted medical students who needed to obtain leaves of absence or extended time from their medical schools in order to obtain time to challenge denials of accommodation and then complete their medical degrees.

5. Through my representation of medical students and medical residents, I have become well acquainted with Mary Vargas, Michael Stein and Charles Weiner, Esquires, the attorneys representing the plaintiff Robert Sampson ("Sampson") in the case presently before this court. I am very familiar with their work as attorneys for medical students, as well as their other work on civil rights and testing accommodations cases. They are widely recognized by their peer attorneys and others to be leaders in the disability rights field.

6. In one litigated case, *Ramsay v. National Board of Medical Examiners,* I was co-counsel together with Ms. Vargas and Mr. Stein, for the plaintiff Jessica Ramsay (now Dr. Ramsay) in the United States District Court for the Eastern District of Pennsylvania (No. 19-cv-2002), the United States Court of Appeals for the Third Circuit (No. 20-1058) and the United States Supreme Court. *See* 968 F.3d 251 (3d Cir. 2020), *cert. denied,* --- U.S. --- (3/8/2021). I am also familiar with the work of Ms. Vargas and Mr. Stein, and the work of Mr. Weiner, in other litigated cases relating to the rights of medical students to receive testing accommodations including *Hartman v. National Board of Medical Examiners,* 2010 U.S. Dist. Lexis 27691 (E.D. Pa. 2010). *Bibber v. National Board of Osteopathic Medical Examiners,* 2016 U.S. Dist. Lexis

2

48181 (E.D. Pa. 2016), *Berger v. National Board of Medical Examiners,* 2019 U.S. Dist. Lexis 145666, 2019 WL 4040576 (S.D. Ohio 2019), and *Lewis v. National Board of Osteopathic Medical Examiners* (S.D. Indiana).

7. Ms. Vargas and Mr. Stein were also counsel for the plaintiff in two significant cases relating to the rights of medical students with disabilities, *Argenyi v. Creighton University*, 703 F.3d 441 (8th Cir. 2013) and *Featherstone v. Pacific Northwest University of Health Sciences,* 2014 WL 3640803 (E.D. Wash. 2014).

8. Ms. Vargas' and Mr. Weiner's leadership in disability law has also been recognized by their peers who have invited them to present at professional conferences that I have attended including Ms. Vargas at the Jacobus tenBroek Disability Law Symposium in 2015 and Mr. Weiner at the Coalition for Disability Access in Health Science Education Symposium in 2022.

9. As is the case when representing medical students against the NBME, representation of medical students against their own medical school requires a highly specialized knowledge base. Counsel must be experienced and conversant in the intersection of disability, neuropsychological testing, medical education, and medical licensing.

10. The number of attorneys who have the necessary experience and qualifications to undertake these challenging and expensive cases, for a relatively small number of students, on a contingent fee basis, is quite limited. In the *Ramsay* case, when it became obvious that litigation would be necessary, I sought co-counsel to assist me and Ms. Vargas –and her partner Mr. Stein – who agreed to represent Dr. Ramsay – were among very few attorneys who were qualified to undertake that role.

3

11. I have reviewed the relevant pleadings in this case, including the Order granting Sampson the relief he sought. Absent this relief, Sampson's success in the NBME case would have been a pyrrhic victory.

12. As a private attorney who is of counsel with a small firm and who has litigated in this area of the law, I am acutely familiar with the risks attorneys who undertake this kind of work take on. The stakes are particularly high for small firms when all of the attorneys in the firm have dedicated all or most of their billable hours during a given period of time such as preliminary injunction briefing, and as their obligation requires, to zealously represent a client. Stein & Vargas, LLP and the Law Office of Charles Weiner are small firms who have dedicated themselves to this work and time-sensitive demands such as the docket shows occurred both in this case and in the NBME case, place an extraordinary burden on even the most highly regarded small firms, particularly when the firms are up against large private firms or, as in this case, the New York Office of the Attorney General.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
Lawrence D. Berger

Dated: August 22, 2023