# EXHIBIT 12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

ROBERT SAMPSON,

                                Plaintiff,                  22-cv-04490 (JMA) (AYS)

 - against -

STONY BROOK UNIVERSITY, ET AL.,

                                Defendants.

------------------------------------------------------------------------ x

## DECLARATION OF MAIA GOODELL

Maia Goodell, under penalty of perjury, affirms and states as follows:

1.      I am a member of the firm Vladeck, Raskin & Clark, P.C. (the "Vladeck Firm").[1] I submit this declaration in support of the motion filed by the Plaintiff for an award of attorneys' fees and costs arising from the work performed by attorneys with the law firm Stein & Vargas, LLP and the Law Office of Charles Weiner in litigating the above-captioned case.

## BACKGROUND AND EXPERIENCE

2.      The Vladeck Firm concentrates in representing individuals in disability rights and employment related matters, primarily in those implicating civil rights, as well as criminal defense. The Vladeck Firm has successfully represented plaintiffs in civil rights cases for decades. See, e.g., Redd v. N.Y. Div. of Parole, 678 F.3d 166 (2d Cir. 2012) (reinstating sexual harassment claims); Browne Sanders v. Madison Square Garden, L.P., No. 06 Civ. 0589 (S.D.N.Y. trial Sept.–

---

[1] Until June 2015, the name of the firm was Vladeck, Waldman, Elias & Engelhard, P.C.

Oct. 2007); Pappas v. Watson Wyatt & Co., No. 3:04-CV-304, 2008 WL 793597 (D. Conn. Mar. 20, 2008); Fitzgerald v. Ford Marrin Esposito Witmeyer & Gleser, L.L.P., Nos. 01-7256, 01-7322, 2002 WL 313225 (2d Cir. Feb. 27, 2002) (reinstating jury verdict in plaintiff's favor); Lewis v. Communicar, Inc., No. 99 CV 609 (E.D.N.Y. trial Dec. 2001); Mahoney v. Canada Dry Bottling Co. of N.Y., No. 94 CV 2924, 1998 WL 231082 (E.D.N.Y. May 7, 1998); Dailey v. Société Générale, 915 F. Supp. 1315 (S.D.N.Y. 1996), aff'd in part and vacated in part, 108 F.3d 451 (2d Cir. 1997); Malarkey v. Texaco, Inc., 983 F.2d 1204 (2d Cir. 1993); Pierce v. F.R. Tripler & Co., 955 F.2d 820 (2d Cir. 1992); Whittlesey v. Union Carbide Corp., 742 F.2d 724 (2d Cir. 1984); Lo Re v. Chase Manhattan Corp., 431 F. Supp. 189 (S.D.N.Y. 1977).

3. I hold a 2001 J.D. from the University of Michigan Law School and a 2006 LL.M. from Yale Law School. I was admitted to practice in Massachusetts in 2002 and in New York in 2005. I am admitted in numerous federal courts, including the Eastern District of New York.

4. I have headed a disability rights practice since 2020. I was previously associated with the Vladeck Firm from 2006 through 2011. From 2011 through 2017, I supervised the Workers' Rights Project at Mobilization for Justice (formerly MFY Legal Services). From 2017 through 2019, I was at Disability Rights Advocates, as Senior Staff Attorney and then Supervising Attorney. In 2020, I associated with Kakalec Law PLLC in Brooklyn and started my disability rights and employment law practice. I brought my practice back to the Vladeck Firm in September 2022.

5. I have served as lead counsel and class counsel for plaintiffs in many disability rights and employment law matters in federal court. These cases include Frawley v. Med. Mgmt. Grp. of N.Y., Inc., No. 21 Civ. 8894 (S.D.N.Y.); M.F. by & through Ferrer v. N.Y.C. Dep't of Educ., No. 18 Civ. 6109 (E.D.N.Y.); Ctr. for Indep. of the Disabled, N.Y. v. Metro. Transit Auth., No. 17 Civ. 2990 (S.D.N.Y.); Mental Health & Wellness Coal. v. Bd. of Trs. of Leland Stanford University, No.

5:18-cv-02895-NC (N.D. Cal.); <u>Merino v. Beverage Plus Am. Corp.</u>, No. 10 Civ. 0706 (S.D.N.Y.).

6.  I am familiar with the rates awarded to employment and civil rights attorneys in the New York area, including in the Eastern District of New York. As set forth below, courts have found that the rates charged by the Vladeck Firm are consistent with market rates.

**VLADECK FIRM RATES**

7.  When I was practicing at the Kakalec Law firm in Brooklyn, New York, I charged $720/hour for my time. Paying clients paid me this rate.

8.  The Vladeck Firm charges $550–$850 per hour for partners and $275–450 for associates. The Vladeck Firm currently charges $730 per hour for my time.

9.  The Vladeck Firm bills many clients on an hourly basis and paying clients of the Vladeck Firm routinely pay these hourly rates, including for work on cases in the Eastern District of New York.

10. These rates for paying clients in the Eastern District of New York reflect rates approved for attorneys at this firm in various districts. <u>See, e.g.</u>, <u>Adam X. v. N.J. Dep't of Corr.</u>, No. CV-17-00188, 2022 WL 621089, at *11 (D.N.J. Mar. 3, 2022) (approving rate of $730/hour for Maia Goodell and $375 for attorney who graduated in 2017, in ADA and ADEA injunctive relief class action settlement); <u>Kastrati v. M.E.G. Rest. Enters. Ltd.</u>, No. 1:21-CV-00481 (KHP), 2023 WL 180043, at *3 (S.D.N.Y. Jan. 13, 2023) (approving, in single plaintiff employment case, rates of $650 for partner who is a 2006 graduate and $325 for associates who are 2018 graduates).

11. In 2015, the Second Circuit Court of Appeals, the Southern District of New York, and the Bankruptcy Court in the Eastern District of New York awarded fees in the same case at $450 per hour for a Vladeck junior partner who is a 2006 law school graduate. See <u>De Curtis v. Upward Bound Int'l, Inc.</u>, No. 09 Civ. 5378 (RJS), 2015 WL 5254767, at *3 (S.D.N.Y. Aug. 28,

2015).

## REVIEW OF REQUESTED RATES

12. I am familiar with the outcome of *Sampson v. Stony Brook, et al.* insofar as I reviewed the Court Order that permits Mr. Sampson until August 2024 to graduate.

13. I have reviewed plaintiff's counsel's qualifications both in regard to this matter and in regard to his case against the National Board of Medical Examiners.

14. I understand that Stein & Vargas is requesting $450 per hour for the time of Mary Vargas, who has been practicing 25 years, and $425 per hour for the time of Michael Stein, who has been practicing 15 years; the Law Office of Charles Weiner is requesting $450 per hour for the time of Charles Weiner, who has been practicing 35 years.

15. These rates are very reasonable and below market rates that I would expect a reasonable paying client to pay. As noted above, my firm charges and receives higher rates, and I also charged and received higher rates when I was practicing at the Kakalec Law firm in Brooklyn.

16. Coordinating cases like these requires knowledge and experience only a small number of number of attorneys in the United States have. In my experience, many attorneys in this field charge the rates set out in the Laffey Matrix, which are higher. See Laffey Matrix, http://www.laffeymatrix.com/see.html.

17. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2023, in New York, New York.

_____
MAIA GOODELL